**Lester and Alyce BRADLEY,**
**Appellants–Plaintiffs,**

v.

**EAGLE–UNION COMMUNITY SCHOOL**
**CORPORATION BOARD OF SCHOOL**
**TRUSTEES, Appellee–Defendant.**

**No. 06A05–9405–CV–200.**

Court of Appeals of Indiana,
Fifth District.

March 14, 1995.

Rehearing Denied May 18, 1995.

James P. Buchanan, Buchanan & Buchanan, Lebanon, for appellants.

Kent M. Frandsen, Parr Richey Obremskey & Morton, Lebanon, for appellee.

## OPINION

BARTEAU, Judge.

Lester and Alyce Bradley appeal the trial court's denial of their request for attorney's fees and expenses following the abandonment of interest in the Bradleys's property by the Eagle–Union Community School Corporation Board of School Trustees ("Eagle–Union"). The Bradleys also appeal the grant of Eagle–Union's motion for summary judgment. We state the issues raised by the Bradleys as:

1. Whether Eagle–Union initiated condemnation proceedings, thereby entitling the Bradleys to recover attorney fees and expenses incurred in defending the proceedings; and

2. Whether the trial court should have dismissed the Bradleys's tort claim against Eagle–Union without prejudice.

## FACTS

The facts relevant to the issues on appeal are relatively simple. Eagle–Union approved a plan in the spring of 1993 for the construction of a new high school. A committee was appointed to make a recommendation as to a site for the new school. On June 21, 1993, Eagle–Union adopted a resolution identifying the Bradleys's property as a site for the school. The superintendent was given the authority to obtain two appraisals for the property and was given the authority to extend an offer to purchase the property.

No offer to purchase was extended and on July 15, 1993, the Bradleys filed a complaint against Eagle–Union seeking to enjoin it from condemning the Bradleys's property. Eagle–Union had not initiated condemnation proceedings. The trial court granted Eagle–Union's motion to dismiss. The Bradleys then filed an amended complaint that repeated the request for an injunction and also sought damages for injuries claimed as a result of the threat of condemnation proceedings. This complaint was again amended in response to a motion to dismiss, or in the alternative, for summary judgment, to allege that Eagle–Union had been served a notice of the tort claim. The notice was served on Eagle–Union on October 28, 1993, at the same time as the filing of the second amended complaint. Eagle–Union amended its motion to address the allegations in the second amended complaint and a hearing was held on November 16, 1993.

On the same day, Eagle–Union filed its motion for an order permitting access to the Bradleys's property for the purpose of conducting soil testing. The Bradleys filed an objection to this motion. Before the trial court ruled on this motion, Eagle–Union withdrew the motion, informing the court that it was suspending all work on the proposed building project and was abandoning any interest in acquiring the Bradleys's property. On February 4, 1994, the Bradleys filed a petition to recover the attorney's fees and expenses they had incurred.

On February 8, 1994, the trial court granted Eagle–Union's motion for summary judgment and on February 14, 1994 denied the Bradleys's petition for recovery of fees and expenses. Other facts will be presented as necessary.

## CONDEMNATION PROCEEDING

The Bradleys first raise the issue whether Eagle–Union's request for access to the Bradleys's property for soil testing was an initiation of condemnation proceedings entitling the Bradleys to recovery of fees and expenses once Eagle–Union abandoned its efforts. The Bradleys sought recovery of fees and expenses pursuant to Ind.Code 8–23–17–27(a), which provides:

> The court having jurisdiction of a proceeding instituted by an agency to acquire real property by eminent domain shall award the owner of a right, or title to, or interest in, the real property the sum that will on the opinion of the court reimburse the owner for reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if:
>
>    *    *    *    *    *    *
>
> (2) the proceeding is abandoned by the agency.

There is no dispute that Eagle–Union is an agency authorized to acquire property by eminent domain. The Bradleys argue that Eagle–Union initiated condemnation proceedings against the Bradleys's property when it asked to access the property for soil testing because soil testing constitutes a taking of property.

Eagle–Union sought permission to access the Bradleys's property under authority of I.C. 32–11–1–1(b) which provides:

> Before proceeding to condemn, the person, corporation, or other body [having the right to exercise the power of eminent domain] may enter upon any land for the purpose of examining and surveying the property sought to be appropriated or right sought to be acquired and shall make an effort to purchase for the use intended such lands, right-of-way, easement, or other interest therein or other property right.

This provision gives the condemnor the right to survey and examine property *prior* to initiating condemnation proceedings for the purpose of determining whether the property is suitable and how much of it is needed before engaging in the expense of condemnation proceedings. *Indiana & Michigan Elec. Co. v. Stevenson* (1977), 173 Ind.App. 329, 334, 363 N.E.2d 1254, 1259. What constitutes permissible examining and surveying under this statute and what becomes an unconstitutional taking of property has been the subject of court opinions. In *Stevenson,* this court held that a "taking" occurs when there is a **substantial interference** with the owner's use and enjoyment of the property. Whether a particular interference is substantial is a question of fact for the fact-finder. 173 Ind.App. at 335, 363 N.E.2d at 1259. Thus, a reasonable person could find that cutting down 1800 feet of corn and cutting down twenty-three trees in order to survey the property pursuant to I.C. 32–11–1–1 substantially interfered with the owner's use of that property and constituted an unconstitutional taking of the property. 173 Ind.App. at 336, 363 N.E.2d at 1260.

Similarly, in *Indiana State Highway Com'n v. Ziliak* (1981), Ind.App., 428 N.E.2d 275, we held that the trial court properly denied a request pursuant to I.C. 32–11–1–1 to conduct an intensive archaeological survey upon property prior to initiation of condemnation proceedings. The archaeological survey entailed very intrusive digging of the property, including 50–foot long and six-foot wide trenches, or 50–foot square holes, or many five-foot square holes. We concluded that the word "survey" as used in I.C. 32–11–1–1 did not include this type of activity.

The Bradleys also point to caselaw from other jurisdictions that have specifically stated that soil testing is not a survey or examination under statutes similar to I.C. 32–11–1–1. *See e.g., Missouri Highway & Transp. Com'n v. Eilers* (1987), Mo.App., 729 S.W.2d 471, *reh'g denied, trans. denied* (a soil survey amounts to a "taking" and commission may not conduct soil survey until it receives property owner's consent or initiates judicial proceedings to condemn property for an easement to conduct the surveys); *County of Kane v. Elmhurst National Bank* (1982), 111 Ill.App.3d 292, 443 N.E.2d 1149, 67 Ill.Dec. 25 (authority to go onto property for surveys and examinations prior to condemnation proceedings does not include authority to make subsurface soil and geological studies).

■ The Bradleys argue that because conducting soil surveys without the property owner's consent would be an unconstitutional taking of property, Eagle–Union's request to access the Bradleys property must have been an initiation of condemnation proceedings to obtain an easement to go on the property to conduct the soil testing. We disagree. It does not follow that simply because soil testing in a particular case may be a taking that any request for access to conduct soil testing should be characterized as an initiation of condemnation proceedings. For one thing, in Indiana, whether a particular intrusion on land is allowable under I.C. 32–11–1–1 is a question of fact for the fact-finder. *Stevenson,* 173 Ind.App. at 335, 363 N.E.2d at 1259. Thus, we cannot say that Eagle–Union's soil testing would have been an unconstitutional taking. No evidence was heard by the trial court on the issue because the motion for access was withdrawn. Further, even if Eagle–Union's proposed testing would not have been allowed under I.C. 32–11–1–1, it strains logic to say that Eagle–Union was initiating condemnation proceedings. The fact of the matter is that Eagle–Union was seeking to perform **pre-condemnation** testing pursuant to a statute providing specifically for pre-condemnation examinations and surveys. In the event Eagle–Union's testing was found to fall within I.C. 32–11–1–1 there would be no need for Eagle–Union to condemn the property for a temporary easement. In the event Eagle–Union's testing did not fall within the statute, Eagle–Union at that time would need to make the decision whether to obtain a temporary easement by condemnation for the testing. The Bradleys cite to no authority that has held that a request for access that is ultimately determined not to be appropriate is converted into a condemnation proceeding and we certainly cannot see any wisdom in doing so.

Eagle–Union did not initiate a condemnation proceeding. Consequently, the Bradleys

are not entitled to recover attorney's fees and other expenses. The trial court properly denied the Bradleys's petition for fees and expenses.

### TORT CLAIM

 The Bradleys next argue that the trial court erroneously determined that they presented no facts to withstand a motion for summary judgment in support of their allegation that Eagle–Union's conduct bore a causal connection to the Bradleys's health problems. We need not determine whether the trial court erred in that respect because we agree with the Bradleys that the trial court should have dismissed their tort claim against Eagle–Union without prejudice.

Pursuant to the Tort Claims Act, the Bradleys were required to file notice of the tort claim action within 180 days after the loss occurred. I.C. 34–4–16.5–6; *Walker v. Memering* (1984), Ind.App., 471 N.E.2d 1202, 1204, *reh'g denied.* This they did on October 28, 1993. The governmental entity must notify the claimant of approval or denial of the claim within ninety days of the filing of the claim and the claim is deemed denied if the governmental entity fails to approve the claim within ninety days. I.C. 34–4–16.5–10. Here, Eagle–Union did not approve or deny the claim before the Bradleys filed their second amended complaint. The complaint was filed on the same day that notice of the claim was filed; thus, suit was filed before the claim could be deemed denied. However, I.C. 34–4–16.5–12 provides that a "person may not initiate a suit against a governmental entity unless his claim has been denied in whole or in part." This statute prohibits a claimant from filing his suit before the claims procedure has been complied with. *Walker,* 471 N.E.2d at 1204. Thus, the Bradleys's tort claim against Eagle–Union was filed prematurely and the trial court erred in addressing the merits of the claim in the summary judgment motion. The trial court should have dismissed the Bradleys's tort claim without prejudice.

We note that summary judgment is appropriate when the claimant fails to file the notice within 180 days. *See Holtz v. Bd of Com'rs of Elkhart County* (1990), Ind., 560 N.E.2d 645, 648. In that instance, the claim is lost upon the expiration of the 180 days. Here, however, the Bradleys timely filed the notice to preserve their claim, they merely filed suit prematurely.

### CONCLUSION

The trial court properly determined that no condemnation proceeding had been initiated and correctly denied the Bradleys's petition for fees and expenses. The trial court erroneously granted summary judgment in favor of Eagle–Union on the Bradleys's tort claim. We reverse that grant of summary judgment and remand with instructions to dismiss without prejudice the Bradleys's tort claim.

AFFIRMED IN PART AND REVERSED IN PART.

SHARPNACK, C.J., and GARRARD, J., concur.