David BENEDETTO, Appellant–Plaintiff,

v.

INDIANA UNIVERSITY, the Trustees of Indiana University, the Standing Committee on Residency, Jo Anne Bowen, Chairperson, and Thomas A. May, Associate Registrar, Appellees–Defendants.

No. 49A02–9805–CV–440.

Court of Appeals of Indiana.

April 5, 1999.

William E. Wendling, Jr., Campbell Kyle Proffitt, Carmel, Attorney for Appellant.

Robert P. Johnstone, Stanley C. Fickle, Amy H. Joliet, Barnes & Thornburg, Indianapolis, Attorney for Appellees.

## OPINION

GARRARD, Judge

David Benedetto attended Indiana University–Indianapolis Law School. Pursuant to the university's residency rules he was required to pay non-resident student fees.[1] After his graduation he commenced this action to recover the difference between the fees charged resident students and the non-resident fees he had paid on the ground that the university's rules governing resident and non-resident tuition rates violate the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution.

Benedetto's original complaint alleged an action under 42 U.S.C. § 1983. He subsequently amended it to allege the same violations but deleted all reference to § 1983. The defendants moved for summary judgment which the trial court granted. It determined that Benedetto's claim could only be brought under § 1983, and under that section Benedetto could not recover the relief sought. Benedetto appeals contending that he should be entitled to litigate a "freestanding" claim under the Fourteenth Amendment.

■ We commence by reviewing some law basic to § 1983 actions and several undisputed facts in this case. For purposes of § 1983 the State is not a "person". Therefore, neither the State nor its officials when sued in their official capacity can be sued for money damages under this section. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). They can, however, be sued for declaratory or injunctive relief, and officials may be sued in their *individual* capacity for money damages. Benedetto candidly concedes that the university is the State for purposes of § 1983 (*See Colburn v. Trustees of Indiana University*, 739 F.Supp. 1268 (S.D.Ind.1990), *aff'd* 973 F.2d 581 (7th Cir.1992)), and that he is suing the named officials only in their official capacity.

■ Thus, if Benedetto's action is necessarily brought under § 1983 then summary judgment was proper because Benedetto was no longer entitled to declaratory or injunctive relief since he had graduated, and he was not entitled to recover money damages against the university or its officials acting in their official capacity. Furthermore, it has been generally held that plaintiffs claiming Fourteenth Amendment violations must use § 1983, and may not evade the rules governing such an action "by the facile expedient ... of simply omitting any reference to that statute...." *Newman v. State of Indiana*, 129 F.3d 937, 942 (7th Cir.1997). *See also Azul–Pacifico, Inc. v. Los Angeles*, 973 F.2d 704, 705 (9th Cir.1992), *cert. denied*, 506 U.S. 1081, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993).

■ Benedetto appears to advance two arguments to support his contention that he is entitled to maintain his action notwithstanding the foregoing. First, he cites *McKesson*

---

1. Benedetto does not contend that the University failed to follow its rules. He contends the rules violate his due process rights.

*Corp. v. Division of Alcoholic Beverages & Tobacco,* 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990) and *Ward v. Board of County Comm'rs,* 253 U.S. 17, 40 S.Ct. 419, 64 L.Ed. 751 (1920) for the proposition that the Supreme Court has allowed suits alleging constitutional violations to be brought directly under the Fourteenth Amendment.

We find that these decisions do not reach far enough to provide a litigation platform for Benedetto. Firstly, they involve the levy of state taxes, an arena in which Congress has been reluctant to interfere. *See National Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* 515 U.S. 582, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995). Most significantly, they involve state tax laws that (1) compelled the plaintiff by force of law to pay the tax, *and* (2) completely barred the plaintiff from litigating the merits of the constitutional issue until after the tax was paid. As such, they are readily distinguishable from Benedetto's claim. In the sense of *McKesson* his election to pay the tuition fees in order to attend Indiana University was not compelled. Instead, he simply chose to do so. In addition, the fact that he did not institute suit until after his opportunity to secure prospective relief expired due to his graduation, does not place him in the category of those barred from litigation of their claims until after payment. Benedetto has no freestanding Fourteenth Amendment claim under the authority of *McKesson.*

▮ He also contends that apart from § 1983 he may seek a return of property unconstitutionally taken. To the extent this constitutes a separate argument, it is not well developed, although Benedetto asserts that rather than damages he is seeking return of property (his tuition payments) which was taken unconstitutionally. We disagree with this second premise to the argument. Benedetto's payment of the fees did not constitute a taking in the constitutional sense, as already observed. Moreover, despite his argument, his suit does not seek a return of property taken. He makes no claim to the particular property given to the university. What he is claiming is damages, albeit damages based upon (measured by) the difference between resident and non-resident tuition fees. As such he has merely stated a claim for damages, and one that is within the purview of 42 U.S.C. § 1983 but is excluded against both the university and its officials acting within their official capacity.

Summary judgment was therefore properly granted.

Affirmed.

ROBB, J. and BAKER, J. concur.