Bruce DAVIDSON, Appellant–Plaintiff,

v.

James PERRON, Mayor, and City of Elkhart, Indiana, Appellees–Defendants.

No. 43A03–9902–CV–63.

Court of Appeals of Indiana.

Aug. 23, 1999.

Bruce Davidson, Indianapolis, Indiana, Appellant Pro Se.

R. Kent Rowe, Marie Anne Hendrie, South Bend, Indiana, Attorneys for Appellees.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Bruce Davidson, *pro se*, appeals the trial court's dismissal of his two count "Amended Complaint for Civil Rights Violations, Defamation, and Libel" against Mayor James Perron (the "Mayor") and the City of Elkhart, Indiana (the "City"). The trial court dismissed Count I of Davidson's complaint because Davidson failed to comply with the notice requirements of the Indiana Tort Claims Act. The trial court dismissed Count II of Davidson's complaint after concluding that the same or similar action was pending in another state court. On cross-appeal, the Mayor and the City appeal the trial court's previous denial, in part, of their motion to dismiss Davidson's original complaint.

We affirm in part, reverse in part and remand.

### ISSUES

Davidson raises two issues for our review and the City and the Mayor raise one issue on cross-appeal, all of which we restate as:

1. Whether the trial court erred when it dismissed Davidson's defamation claim based upon the Indiana Tort Claims Act.

2. Whether the trial court erred when it dismissed Davidson's constitutional and civil rights claims because the same or similar action was pending in another state court.

3. Whether the trial court erred when it denied the Mayor and the City's motion to dismiss Davidson's original complaint.

### FACTS AND PROCEDURAL HISTORY

Until his termination by the Elkhart Board of Public Works in October of 1995,

Davidson was a police officer with the Elkhart Police Department and was also president of the local Fraternal Order of Police. On January 4, 1994, a letter signed and purportedly written by Elkhart reserve police officer Steven Cappelletti appeared in the editorial section of *The Elkhart Truth*. The letter, written in response to a letter Davidson had written that had been published in the newspaper several days earlier, contained the following two paragraphs that became the subject of this lawsuit:

> Davidson's assertion that "Mayor Perron has been too soft on crime and a little too hard on cops" is laughable. *In reality, some cops like Davidson have been a little too soft on crime* and too hard on Mayor Perron.
>
> *Police certainly have privileges but I do not believe that they should be abused in the way that some officers like Davidson have done.* The so-called vote of no confidence amounted to only a cheap shot against the chief.

Record at 82 (emphasis added). In January of 1995, Cappelletti admitted to Davidson that the Mayor was the true author of the letter. Thereafter, on February 9, 1995, Davidson sent his written tort claims notice to the Mayor and the City. Although the Mayor publicly denied that he had written the letter and his denial was reported in *The Elkhart Truth*, the Mayor later admitted during a deposition that he had written the letter.[1]

On June 1, 1995, Davidson filed a one count complaint for defamation against the Mayor and the City in the Elkhart Superior Court. The Mayor and the City filed a motion to dismiss on July 21, 1995, alleging that the statements in the letter were not defamatory, as a matter of law. The Elkhart Superior Court granted the motion to dismiss in part, and denied the motion in part. Davidson then filed a motion to amend his complaint to include constitu-

---

1. Davidson's Amended Complaint does not indicate in what "deposition" Perron alleged-   ly admitted writing the letter.

tional and civil rights claims under 42 U.S.C. § 1983 against the Mayor and the City. Davidson's constitutional and civil rights claims alleged that the Mayor had engaged in a plan to discredit him and damage his reputation. Davidson also alleged that the Mayor engaged in harmful conduct which eventually led to Davidson's termination from the police department and which further damaged his reputation. The parties subsequently moved for a change of venue due to excessive press coverage, and the case was transferred to the Kosciusko Circuit Court.

With leave of court, Davidson then filed a "Restated Complaint" on May 22, 1998. The Mayor and the City filed a motion to dismiss the restated complaint which the court granted on June 30, 1998. In response, Davidson filed a motion to amend the complaint which was granted by a judge pro tempore.[2] Thereafter, in addition to filing his two count "Amended Complaint for Civil Rights Violations, Defamation, and Libel" against the Mayor and the City, Davidson filed a Motion to Correct Error regarding the trial court's June 30, 1998, dismissal of his restated complaint. Following a hearing held on October 7, 1998, the trial court denied Davidson's motion to correct error and granted the Mayor and the City's motion to dismiss Davidson's amended complaint. This appeal and cross-appeal ensued.

## DISCUSSION AND DECISION

### Davidson's Appeal

### Issue One: Dismissal of Count I

The trial court dismissed Davidson's defamation claim, Count I of Davidson's

amended complaint, pursuant to Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. Specifically, the trial court determined that Davidson had failed to comply with the notice requirements of the Indiana Tort Claims Act (the "ITCA"), Indiana Code Section 34-4-16.5-1 et seq.[3] (the "ITCA").

A motion to dismiss pursuant to Trial Rule 12(B)(6) tests the legal sufficiency of the claim, not the facts which support it. *Vakos v. Travelers Ins.*, 691 N.E.2d 499, 501 (Ind.Ct.App.1998), *trans. denied.* Upon review of a 12(B)(6) motion to dismiss, we view the pleadings in the light most favorable to the non-moving party, and draw every reasonable inference in favor of that party. *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (Ind.Ct.App. 1998), *trans. denied.* Only when the allegations present no possible set of facts upon which the complainant can recover is a Trial Rule 12(B)(6) motion to dismiss properly granted. *Mart v. Hess*, 703 N.E.2d 190, 193 (Ind.Ct.App.1998). We will affirm the trial court's grant of a motion to dismiss if it is sustainable on any theory or basis found in the record. *Newman*, 702 N.E.2d at 1097. However, dismissals pursuant to Trial Rule 12(B)(6) are rarely appropriate. *Ratliff v. Cohn*, 693 N.E.2d 530, 534 (Ind.1998).

The ITCA provides that a claim against a political subdivision is barred unless the prescribed notice is filed within 180 days after the loss occurs. IND.CODE § 34-4-16.5-7; *Bradley v. Eagle–Union Community Sch. Corp. Bd. of Sch. Trustees*, 647 N.E.2d 672, 676 (Ind.Ct.App. 1995).[4] The notice requirements of the

2. We note that Davidson failed to include in the Record of Proceedings the order granting his motion to amend his complaint. However, the Mayor and the City concede that Davidson's motion was granted. Brief of Appellee at 3.

3. Recodified at Indiana Code Section 34-13-3-1 et seq.

4. The 180-day notice requirement is subject to the following statutory exception: "If a person is incapacitated and cannot give notice as required ... the person's claim is barred unless notice is filed within one hundred eighty (180) days after the incapacity is removed." IND.CODE § 34-4-16.5-8. Davidson does not contend that he falls within this exception to the notice requirement.

ITCA apply not only to suits against political subdivisions but also to suits against employees of political subdivisions. *Van-Valkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind.Ct.App.1992), *trans. denied.* Compliance with the notice provisions of the ITCA is a procedural precedent which the plaintiff must prove and which the trial court must determine before trial. *Indiana Dep't of Highways v. Hughes*, 575 N.E.2d 676, 678 (Ind.Ct.App.1991), *trans. denied.* Indeed, when a plaintiff fails to give the required notice, the defendant has an affirmative defense which must be raised in a responsive pleading to the plaintiff's complaint. *Thompson v. City of Aurora*, 263 Ind. 187, 194–95, 325 N.E.2d 839, 843 (1975). Once the defendant raises failure to comply with the ITCA's notice requirements as an affirmative defense, the burden shifts to the plaintiff to prove compliance. *Id.*

In the instant case, the allegedly defamatory letter was published on January 4, 1994. Davidson's tort claims notice was not sent to the Mayor until February 9, 1995, well beyond the 180–day time limit. Thus, Davidson failed to comply with the notice provisions of the ITCA.

Nevertheless, Davidson contends that the Mayor and the City should be estopped from asserting the ITCA as a bar to his defamation claim. Specifically, Davidson argues that the pleadings establish that the Mayor engaged in a plan of deceit to disguise his authorship of the letter and that Davidson could not have known of the true identity of the tortfeasor and his status as a government employee until after the 180–day time limit had lapsed. In support of his estoppel argument, Davidson points to our recent decision in *Gregor v. Szarmach*, 706 N.E.2d 240 (Ind.Ct.App.1999). In *Gregor*, this court addressed for the first time "the significance of a plaintiff's legitimate and complete ignorance that a defendant is a government employee as that ignorance relates to that plaintiff's failure to comply with the ITCA." *Id.* at 242 (quoting Judge

Dillin's opinion in *Baker v. Schafer*, 922 F.Supp. 171, 173 (S.D.Ind.1996)). We held that in a case where a government employee in the course of his duties acts in a manner which disguises or fails to reveal his status as a government employee, he may be estopped from asserting the Act as a bar to a claim if the plaintiff actually and reasonably lacks knowledge of the government employee's status. *Id.* at 243.

As our holding in *Gregor* illustrates, a party may not utilize a subterfuge to bar a claim for failure to comply with the notice provisions of the ITCA. Accepting the pleadings as true in this case, the pleadings establish that the Mayor, in the course of his duties, purposefully disguised his identity as the author of the letter. Consequently, the Mayor prevented Davidson from knowing the author's true identity and status as a government employee. The Mayor not only failed to sign the letter, but continued to deny his authorship publicly until questioned under oath at a deposition. Viewing the facts alleged in the light most favorable to Davidson, we conclude that Davidson has sufficiently established that the Mayor's deceitful conduct led to his ignorance that the true author of the letter was the Mayor, which prevented Davidson from complying with the notice provisions of the ITCA. Accordingly, the Mayor and the City are estopped from asserting the notice provisions of the ITCA to bar Davidson's defamation claim. Davidson's claim is not barred for failure to have filed notice with the Mayor and the City within 180 days of the publication of the letter.

The Mayor and the City urge that, even in cases where equitable estoppel has been applied to toll a statute of limitations, due diligence in pursuing a claim is still required of the plaintiff. *See Fager v. Hundt*, 610 N.E.2d 246, 251 (Ind. 1993). Although the 180–day notice requirement is not a statute of limitations but a condition precedent to filing suit, we agree that a plaintiff must exercise due

diligence in giving tort claims notice after the equitable grounds cease to operate as a valid basis for causing delay. *See id.*

■ Under the present circumstances, the equitable grounds ceased to operate as a valid basis for the delay when Davidson learned the identity of the true author of the letter. Davidson's amended complaint alleges that it was not until January of 1995 that he learned the Mayor had authored the letter. Davidson sent his tort claim notice to the Mayor and the City on February 9, 1995. Viewing the pleadings in the light most favorable to Davidson, Davidson filed his notice within a reasonable time of learning the author's identity.[5] The trial court erred when it dismissed Davidson's defamation claim pursuant to Trial Rule 12(B)(6).

### Issue Two: Dismissal of Count II

Next, Davidson contends the trial court erred when it dismissed his constitutional and civil rights claims, Count II of the amended complaint, pursuant to Trial Rule 12(B)(8), because a same or similar action was pending in another court of this state. Again, we must agree with Davidson.

■ As a general rule, when an action is pending before an Indiana court, other Indiana courts must defer to that court's authority over the case. *Crawfordsville Apartment Co. v. Key Trust Co.,* 692 N.E.2d 478, 479 (Ind.Ct.App.1998). Trial Rule 12(B)(8) implements this principle by allowing dismissal of an action on the grounds that the same action is pending in another Indiana court. *Id.* The determination of whether two actions being tried in different state courts constitute the same action depends on whether the outcome of one action will affect the adjudication of the other. *Hawkins v. Auto–Owners Mut. Ins. Co.,* 579 N.E.2d 118, 122 (Ind.Ct.App.1991). The rule applies and an action should be dismissed where the parties, subject matter, and remedies are precisely or even substantially the same in both suits. *Crawfordsville Apartment Co.,* 692 N.E.2d at 479.

■ The Kosciusko Circuit Court's Trial Rule 12(B)(8) dismissal of Count II of Davidson's complaint was ordered first on July 30, 1998, and again on October 14, 1998. The action "pending in another court" upon which the court relied to support its Trial Rule 12(B)(8) dismissal of Count II of Davidson's complaint was this court's appellate review of the Elkhart Circuit Court's decision affirming the termination of Davidson's employment as an Elkhart Police Officer by the Elkhart Board of Public Works. We affirmed that decision in a published opinion issued on May 21, 1998. *See Davidson v. City of Elkhart, Indiana,* 696 N.E.2d 58 (Ind.Ct. App.1998), *trans. denied.* At the time of dismissal in June and October of 1998, our decision had already been issued, but a petition to transfer filed by Davidson was pending before our supreme court and our opinion had not yet been certified. *See* Ind. Appellate Rule 15(B). Thus, the trial court could have relied upon that pending action to support its Trial Rule 12(B)(8) dismissal.[6]

Having decided there was an action pending before another Indiana court at the time of dismissal upon which the trial court could have relied, we must resolve whether two courts would have been exercising jurisdiction over the same case but

---

5. Davidson's tort claim notice sent to the Mayor and the City on February 9, 1995, alleges that he learned of the Mayor's identity as the author of the letter "within the last few months." Accordingly, Davidson filed his notice within, at the most, a "few months" of learning of the Mayor's identity and, thus, still within a reasonable time. Our conclusion that "a few months" constitutes a reasonable amount of time is consistent with the incapac-

itation exception to the notice requirement which provides that notice must be filed within 180–days after the incapacity is removed. Ind.Code § 34-4-16.5-8.

6. Our supreme court denied Davidson's petition to transfer on December 19, 1998 (all justices concur except Shepard, C.J., voting to grant transfer).

for the grant of a 12(B)(8) motion to dismiss. To resolve that question "we examine whether the parties, subject matter, and remedies are either precisely or substantially the same." *Crawfordsville Apartment Co.*, 692 N.E.2d at 480.

We begin by noting that Davidson and the City, through its Board of Public Works, were parties to the pending petition for judicial review of the administrative decision and, thus, two out of three of the parties were essentially the same in the two actions. Although the Mayor is a party in this case, he was not and could not have been a party to the administrative appeal. Davidson's claims here involve almost exclusively conduct on the part of the Mayor, acting under color of state law, which Davidson alleges violated his constitutional and civil rights. Therefore, we find the Mayor's absence from the pending administrative appeal significant and conclude that the parties were neither precisely nor even substantially the same in the two actions.

Moreover, the subject matter involved in the petition for judicial review of the administrative decision was distinct from that which is involved in the present 42 U.S.C. § 1983 action and constitutional claims. The issue to be determined on appeal from the administrative proceedings was solely the propriety of the Board of Public Works' termination of Davidson's employment with the police department. The issue to be determined in the present case is whether the Mayor and the City committed acts which violated Davidson's constitutional and civil rights. While the issues raised in Davidson's appeal from the administrative proceedings included alleged constitutional infirmities with the Board's decision to terminate his employment, this case is based upon independent constitutional claims against the Mayor and the City. We cannot say that the subject matter of the pending appeal or the instant case were substantially similar.

Finally, the remedies available in the two actions were separate and distinct. The only remedy available to Davidson on appeal from the administrative proceedings was a reversal of the Board's decision to terminate his employment. In contrast, Davidson now seeks compensatory and punitive damages for his injuries.[7]

We conclude that neither the parties, the subject matter nor the remedies of the competing actions were substantially the same. Therefore, the same action was not pending in two state courts at the time of dismissal. The Kosciusko Circuit Court erred when it dismissed Count II of Davidson's complaint pursuant to Trial Rule 12(B)(8).[8]

---

7. We note that neither the City nor its officials when sued in their official capacity can be sued for money damages under § 1983. *See Benedetto v. Indiana University*, 707 N.E.2d 1062, 1063 (Ind.Ct.App.1999). The City and its officials can, however, be sued for declaratory or injunctive relief, and the officials may be sued in their individual capacity for money damages. *Id.* Because Davidson seeks only money damages for his alleged injuries rather than declaratory or injunctive relief, Davidson may only pursue his § 1983 action against the Mayor in his individual capacity. Our review of Davidson's amended complaint reveals that Davidson states a § 1983 claim against the Mayor in his individual capacity. To the extent that Davidson's complaint may be read as a § 1983 claim against either the City or the Mayor in his official capacity, Davidson fails to state a claim upon which relief can be granted.

8. The Mayor and the City ignore the text of Trial Rule 12(B)(8) and merely argue that this court should apply the doctrine of res judicata to bar Davidson's constitutional and civil rights claims. Specifically, the Mayor and the City argue that Davidson's claims were raised or could have been raised in connection with his appeal from the administrative decision of the Board of Public Works. However, the record of proceedings is insufficient for this court to make such a determination on appeal from the grant of a Trial Rule 12(B)(8) motion to dismiss. We are not presented with the record of the Board of Public Works or the record of the Elkhart Circuit Court and cannot determine what claims and issues were or could have been raised and adjudicated. At this early stage in the litigation, application of the doctrine of res judicata would be neither possible nor appropriate.

## Cross–Appeal

### Issue Three: Defamation

Because we determined in *Issue One* that the trial court erred when it dismissed Davidson's defamation claim for failure to comply with the ITCA, we now turn to the cross-appeal. On cross-appeal, the Mayor and the City contend that the trial court erred when it denied in part their previous motion to dismiss filed on July 21, 1995. The Mayor and the City filed their motion to dismiss pursuant to Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. The Mayor and the City asserted that dismissal of Davidson's original complaint for defamation was appropriate because the published statements were not defamatory as a matter of law.[9] The trial court granted the motion to dismiss as to the statement that Davidson was "soft on crime" but denied the motion as to the statement that Davidson "has abused privileges given to police officers." Record at 281–91.

■■■■ Defamation is that which tends to injure reputation or to diminish esteem, respect, good will, or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff. *McQueen v. Fayette County Sch. Corp.*, 711 N.E.2d 62, 65 (Ind.Ct.App.1999), *trans. pending.* To establish defamation, the plaintiff must prove the following elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages. *Kitco, Inc. v. Corporation for General Trade*, 706 N.E.2d 581, 583 (Ind.Ct.App. 1999). Generally, the determination of whether a statement is defamatory is a question of law for the court. *Street v. Shoe Carnival*, 660 N.E.2d 1054, 1058 (Ind. Ct.App.1996). The communication is to be viewed in context and given its plain and natural meaning, according to the idea it is calculated to convey and the persons to whom it is addressed. *Id.* However, the question of whether a communication is defamatory becomes a question of fact for the jury if the communication is reasonably susceptible of either defamatory or non-defamatory interpretation. *Id.*

■■■■ The communication at issue is the statement that "[p]olice certainly have privileges, but I do not believe that they should be abused in the way that some officers like Davidson have done." Record at 392. Considering the statement in context, and according to the idea the statement was calculated to convey to the public, we cannot say, as a matter of law, that the statement is not defamatory. A reasonable trier of fact could conclude the statement amounted to a charge of official misconduct against Davidson purportedly written by a fellow officer imputing to the reader that Davidson has abused his privileges as a police officer. This is no minor charge against a police officer. Under the circumstances, a question of fact exists on the issue of whether the communication here was defamatory.

We disagree with the Mayor and the City that the trial court should have concluded that the statement constituted opinion as a matter of law. Indeed, whether the statement expresses an "opinion" is not dispositive. *McQueen*, 711 N.E.2d at 66. Instead, the question is whether a reasonable fact finder could conclude that the statement implies facts which may be proven true or false. *Id.* (citations omitted). Notwithstanding the statement's publication in the editorial section or what may be considered the "opinion" section of the newspaper, the statement at issue implies verifiable facts regarding Davidson's conduct and performance as a police officer. A reasonable fact finder could infer that there was a factual predicate to the statement as to Davidson's abuse of his privileges and that those who read the article understood the statement to be grounded in fact.

---

9. At the time of the motion to dismiss, Davidson's original complaint rather than his amended complaint was before the trial court. Record at 389–91.

Unlike the dissent, we are unwilling to arbitrarily "draw the line" between free expression and defamation under the circumstances presented and at this early procedural stage. Although we express no opinion, after the facts have been more fully developed, Davidson's claim may well not survive a motion for summary judgment. But we cannot declare at this point that the original complaint was insufficient as a matter of law, and we are satisfied that under our rules of notice pleading it would have been premature for the trial court to dismiss the complaint on a motion to dismiss.

Viewing the original complaint in the light most favorable to Davidson, we conclude that Davidson stated a sufficient claim· for defamation to withstand a Trial Rule 12(B)(6) motion to dismiss. As this court has noted, "since the abolition of fact pleading, our trial rules merely require a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Mart*, 703 N.E.2d at 194 (quoting Ind. Trial Rule 8(A)(1)). Moreover, the plaintiff is to be heavily favored so far as getting into court. *See id.* The trial court properly denied in part the motion to dismiss and, thus, the cross-appeal fails.

## CONCLUSION

The Mayor and the City are estopped from asserting the notice provisions of the ITCA to bar Davidson's defamation claim. Accordingly, the trial court erred when it dismissed Count I of Davidson's amended complaint pursuant to Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. In addition, the same action was not pending in another state court of this state at the time the trial court dismissed Count II of Davidson's amended complaint and, thus, the trial court erred when it dismissed Davidson's constitutional and civil rights claims pursuant to Trial Rule 12(B)(8). Finally, Davidson's original complaint sufficiently stated a claim for defamation, and the trial court properly denied in part the Mayor and the City's motion to dismiss Davidson's original complaint.

Affirmed in part, reversed in part and remanded.

GARRARD, J., concurs.

KIRSCH, J., concurs in part and dissents in part with separate opinion.

KIRSCH, Judge, concurring in part and dissenting in part.

I fully concur in the majority's resolution of the issues involving timeliness of notice under the Indiana Tort Claims Act and the dismissal pursuant to Indiana Trial Rule 12(B)(8). I also fully concur with its statement of the law applicable to Davidson's original complaint for defamation. From its application to the facts of this case, however, I respectfully dissent.

Like every defamation case, this one involves a collision between two fundamental rights: the right to freedom of speech provided and protected by the First Amendment to the United States Constitution and . the right of individuals to be protected from false attacks on their reputations. *See Journal–Gazette Company· v. Bandido's, Inc.*, 712 N.E.2d 446, 448 (Ind. 1999). Defamation cases require courts to draw a line between "speech unconditionally guaranteed and speech which may legitimately be regulated." *New York Times Co. v. Sullivan*, 376 U.S. 254, 285, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). In drawing that line, courts must assure themselves that the line drawn by its judgment "does not constitute a forbidden intrusion on the field of free expression." *Id.* In doing so, courts must examine for themselves "the statements in issue *and the circumstances under which they were made* . . . ." *Id.*

Here, the alleged defamatory statement is contained in the first sentence of the last paragraph of a letter to the editor written in response to one written by Bruce Davidson, and it is in this context that the statement must be examined. The entire paragraph reads as follows:

"Police certainly have privileges, but I do not believe that they should be abused in the way that some officers like Davidson have done. The so-called vote of no confidence amounted to only a cheap shot against the chief."

*Record*, p. 224.

The majority correctly notes that the alleged defamatory statement "is to be viewed in context and given its plain and natural meaning, according to the idea it is calculated to convey and the persons to whom it is addressed." *Opinion*, p. 37, citing *Street v. Shoe Carnival*, 660 N.E.2d 1054, 1058 (Ind.Ct.App.1996). When viewed in context, the statement that the writer believed that certain officers including Davidson abused privileges accorded to police refers to the vote of no-confidence which the writer believed was "a cheap shot."

I believe that the majority fails to view the statement in context and fails to look to the idea that the statement is calculated to convey. Rather, it focuses solely on one sentence of one paragraph of a seven paragraph letter. Looking only at this sentence, the majority says that a reasonable trier of fact could conclude the statement amounted to a charge of official misconduct. *Opinion*, p. 37.

In *McQueen v. Fayette County Sch. Corp.*, 711 N.E.2d 62, 66, 67 (Ind.Ct.App. 1999), *trans. pending*, we said that the test of whether an opinion expressing a derogatory opinion is actionable is whether the statement creates the reasonable inference that the opinion is justified by the existence of unexpressed defamatory facts. Neither the statement here at issue, nor the letter in which it is contained, makes reference to any matter from which an abuse of privilege may be inferred other than the vote of no confidence. Neither the letter, nor the statement, implies knowledge of any defamatory fact. When viewed in context, the statement simply sets forth the writer's opinion that the vote of no confidence in the police chief was an abuse of privilege. The expression of this opinion is entitled to constitutional protection. By allowing this action to go forward, the majority's holding denies that protection.

I would reverse the trial court's decision and remand for dismissal of Davidson's defamation claim for failure to state a claim upon which relief can be granted.