**STATE of Indiana, Appellant–Plaintiff,**

v.

**CLASSIC POOL & PATIO, INC., Appellee–Defendant.**

**No. 49A02–0207–CV–561.**

Court of Appeals of Indiana.

Nov. 6, 2002.

---

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Charles R. Grahn, Grahn & Grahn, Indianapolis, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

The State appeals from the trial court's grant of Classic Pool & Patio, Inc.'s ("Classic Pool") motion to dismiss the State's complaint seeking injunctive relief and civil penalties under the Indiana Deceptive Consumer Sales Act ("DCSA") and the Indiana Home Improvement Contracts Act ("HICA"). The State presents a single issue for our review, namely, whether the trial court erred when it found that the State's complaint was barred by the applicable statute of limitations.

We reverse and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

In 1999, Rick DeMarco contacted Classic Pool regarding the installation of a swimming pool at his residence. On December 16, 1999, Classic Pool submitted a contract to DeMarco agreeing to install a pool for $60,823. On January 18, 2000, DeMarco and his wife signed the contract. On June 20, 2000, while the pool installation was in progress, Classic Pool submitted a bill to the DeMarcos for "additional expense [$8,195.99] incurred due to underground water and unusual soil conditions." When construction was still not complete on July 9, 2002, the DeMarcos hired another contractor to complete the pool and incurred additional expenses.

On January 18, 2002, the State filed a complaint against Classic Pool on the DeMarcos' behalf, alleging that Classic Pool had violated both the DCSA and HICA. Classic Pool moved the trial court to dismiss the complaint under Indiana Trial Rule 12(B)(6), alleging that the State's complaint was not filed within the applicable two-year statute of limitations. The trial court granted Classic Pool's motion and dismissed the complaint. This appeal ensued.

### DISCUSSION AND DECISION

 A motion to dismiss pursuant to Trial Rule 12(B)(6) tests the legal sufficiency of the claim, not the facts which support it. *Davidson v. Perron,* 716 N.E.2d 29, 33 (Ind.Ct.App.1999), *trans. denied.* Upon review of a Rule 12(B)(6) motion to dismiss, we view the pleadings in the light most favorable to the non-moving party and draw every reasonable inference in favor of that party. *Id.* Only when the allegations present no possible set of facts upon which the complainant can recover is a Rule 12(B)(6) motion to dismiss properly granted. *Id.*

The State contends that it timely filed its complaint on January 18, 2002. Classic Pool responds that because the applicable statute of limitations is an occurrence-based statute, the statute began to run on December 16, 1999, when Classic Pool sub-

mitted a contract to the DeMarcos. We agree with the State.

█ The DCSA was implemented to protect consumers from deceptive sales acts and to encourage the development of fair consumer sales practices. Ind.Code § 24–5–0.5–1. The DCSA has an occurrence-based statute of limitations, which means that the statutory period commences to run at the occurrence of the deceptive act. Ind.Code § 24–5–0.5–5(b); *A.J.'s Automotive Sales, Inc. v. Freet,* 725 N.E.2d 955, 965 (Ind.Ct.App.2000). Actions brought under the HICA are subject to the statute of limitations imposed by the DCSA. *See* Ind.Code § 24–5–11–14.

█ Indiana Code Section 24–5–0.5–3 defines "acts constituting deceptive practices," and provides in relevant part:

(a) The following acts or representations *as to the subject matter of a consumer transaction,* made either orally or in writing by a supplier, are deceptive acts:

\* \* \*

(2) That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not.

\* \* \*

(10) That the supplier is able to deliver or complete the subject of the consumer transaction within a stated period of time, when the supplier knows or should reasonably know he could not. If no time period has been stated by the supplier, there is a presumption that the supplier has represented that he will deliver or complete the subject of the

consumer transaction within a reasonable time, according to the course of dealing or the usage of the trade.

(Emphasis added). A "consumer transaction" is defined in relevant part as "a *sale,* . . . or other disposition of an item of personal property, . . . a service, or an intangible . . . to an individual for purposes that are primarily personal, family, or household, or a *solicitation* to supply any of these things." Ind.Code § 24–5–0.5–2 (emphases added). A consumer transaction must occur before a deceptive act can trigger the statute of limitations under the DCSA.

Classic Pool contends that "[t]he deceptive act alleged by the State is that Classic Pool's contract fails to comply with. . . . I.C. 24–5–11–10(a) [which provides]: 'The home improvement supplier shall provide a completed home improvement contract to the consumer before it is signed by the consumer.'" In addition, Classic Pool points out that Indiana Code Section 24–5–11–11 provides: "Before the consumer signs the home improvement contract . . . the home improvement supplier must have agreed unequivocally by written signature to all of the terms of the home improvement contract." Thus, Classic Pool maintains that the allegedly deceptive act occurred when it submitted the contract to the DeMarcos on December 16, 1999, which triggered the statute of limitations.[1]

On appeal, the State maintains that there was no "consumer transaction" until the DeMarcos signed the contract on January 18, 2000, so there could not have been a deceptive act to trigger the statute of limitations until that date. In other words, the State contends that when Classic Pool submitted the contract to the De-

---

1. In its brief on appeal, Classic Pool erroneously refers to a single alleged deceptive act, namely, its alleged failure to submit a contract that complied with HICA. To the contrary, the State's complaint clearly alleges other deceptive acts under the DCSA.

Marcos, it was making an offer, which the DeMarcos accepted to create a contract or "sale," which constituted a consumer transaction.

 The State is correct that "there can be no contract unless both parties are bound." *Rogier v. American Testing and Eng'g Corp.*, 734 N.E.2d 606, 618 (Ind.Ct. App.2000). Thus, we agree with the State that a contract was created, and a consumer transaction occurred, when the DeMarcos signed the contract on January 18, 2000. But a consumer transaction can also occur at the time of a solicitation, and Classic Pool is correct that a consumer transaction occurred when it submitted the allegedly non-conforming contract to the DeMarcos on December 16, 1999. *See* I.C. § 24–5–0.5–2. As a result, claims related to the consumer transaction created by the solicitation are time-barred, but claims related to the consumer transaction created by the sale are not time-barred.

 Given the purpose of the DCSA, which is to protect the consumer from deceptive sales acts, and given the plain language of the Act, we conclude that a consumer who is solicited, and the solicitation results in a sale, can sue on either transaction, or both. So, where, as here, a deceptive act occurs at the time of solicitation, but an actual sale ensues and the same deceptive act occurs in relation to the sale, the consumer has two years from that occurrence to file suit. And where, as here, allegedly deceptive acts occur during a transaction that takes place over the course of more than one day, the statute of limitations is triggered by the date of each occurrence.

In its complaint, the State alleges deceptive acts that occurred in the course of *both* the solicitation and the sale. For instance, the alleged HICA violations, which involve claimed deficiencies in the contract, occurred both at the time that Classic Pool tendered the contract to the DeMarcos and at the time that the DeMarcos entered the contract. Because there were two separate consumer transactions, there were two separate alleged violations, only one of which is time-barred. Moreover, the remainder of the State's claims, which involve costs in excess of the contract price and Classic Pool's failure to complete the installation, necessarily occurred during the course of the consumer transaction created by the sale. We conclude that the alleged HICA and DCSA violations that occurred as a result of the sale are not time-barred, and the trial court erred when it granted Classic Pool's motion to dismiss the State's complaint. We therefore reverse and remand to the trial court for further proceedings.

Reversed and remanded for further proceedings.

SHARPNACK, J., and FRIEDLANDER, J., concur.