**Charles DAUGHERTY, Appellant,**

v.

**DEARBORN COUNTY, Indiana and Dearborn County Engineer, Appellees.**

No. 15A01–0404–CV–192.

Court of Appeals of Indiana.

March 30, 2005.

Publication Ordered April 28, 2005.

Transfer Denied July 13, 2005.

Steven C. Coffaro, Sue A. Erhart, Cincinnati, OH, for Appellant.

Liberty L. Roberts, Indianapolis, for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Plaintiff–Appellant Charles Daugherty ("Daugherty") appeals the trial court's order granting summary judgment in favor of Defendants–Appellees Dearborn County, Indiana and the Dearborn County Engineer (collectively "the County") in this action brought under the Indiana Tort Claims Act ("ITCA"). Ind.Code § 34–13–3–1 et seq.

Daugherty owns several parcels of real property located near U.S. 52 in West Harrison, Dearborn County, Indiana. On July 17th, 18th, and 19th of 2001, a storm and flash flooding occurred. The County called city mayors, town managers, local fire departments, and other local authorities to determine the extent of the storm damage. The County Highway Department compiled a list of roads, bridges, culverts, businesses, and residences that were washed out or damaged by the storm and flash flooding. Included on the list was a tenant of one of Daugherty's properties.

On March 29, 2002, Daugherty sent formal written notice, pursuant to ITCA, to the County of potential claims Daugherty had because of damage to his property resulting from the flooding. Daugherty claimed that the flood damage was the result of the County's failure to maintain area drainage systems properly. The County did not respond to the notice provided by Daugherty.

On January 29, 2003, Daugherty filed his complaint against the County. The County moved for summary judgment on July 17, 2003. Daugherty filed an opposing memorandum on August 25, 2003. The County filed a memorandum in reply on

September 3, 2003. After hearing oral arguments on the matter on March 19, 2004, and March 29, 2004, the trial court entered an order granting summary judgment in favor of the County. The basis for the order was that Daugherty did not timely file his notice of tort claim with the County.

In reviewing a motion for summary judgment, this court applies the same standard as the trial court. *Perry v. Driehorst*, 808 N.E.2d 765, 768 (Ind.Ct.App. 2004). We must determine whether there is a genuine issue of material fact, and whether the law has been correctly applied by the trial court. *Id.* Summary judgment is appropriate only if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. *Id.* Neither the trial court, nor the reviewing court, may look beyond the evidence specifically designated to the trial court. *Id.* Once the movant for summary judgment has established that no genuine issue of material fact exists by submission of materials contemplated by Ind. Trial Rule 56, the nonmovant may not rest on his pleadings but must set forth specific facts, using supporting materials contemplated under the rule, which show the existence of a genuine issue for trial. *Id.* A trial court's grant of summary judgment is clothed with the presumption of validity, and the appellant bears the burden of demonstrating that the trial court erred. *Id.*

■ A suit against a political subdivision is barred unless notice of a claim is given to the governing body within 180 days of the loss. *See McConnell v. Porter Memorial Hospital*, 698 N.E.2d 865, 867 (Ind.Ct. App.1998); Ind.Code § 34–13–3–8. The notice must include the names of the persons involved, the extent of the loss, the time and place of the loss, the circumstances that brought about the loss, the

amount of damages sought, and the address of the person making the claim. *McConnell, id.;* Ind.Code § 34–13–3–10. The purpose of the notice statute is to inform a political subdivision with reasonable certainty of the accident and surrounding circumstances so that the political subdivision may investigate, determine liability and prepare a defense to the claim. *McConnell, id.*

■ Our supreme court has stated that a liberal application of the requirements of the ITCA statute was proper in order to avoid denying plaintiffs an opportunity to bring a claim where the purpose of the statute has been satisfied. *See Galbreath v. City of Indianapolis,* 253 Ind. 472, 479–80, 255 N.E.2d 225, 229 (1970). Not all technical violations of this statute are fatal to a claim. *City of Tipton v. Baxter,* 593 N.E.2d 1280, 1282 (Ind.Ct.App.1992). Non-compliance has been excused in certain cases based on the theories of substantial compliance, waiver, and estoppel. *Id.*

In the present case, Daugherty supplied his ITCA notice to the County 253 days after the occurrence. Daugherty contends that there is a genuine issue of material fact regarding whether giving the ITCA notice to the County outside the 180–day statutory requirement is fatal to the success of his cause of action. He claims that 1) the County had actual notice of the storm which is the basis of his claim against the County, and 2) Daugherty substantially complied with the ITCA notice requirements. The County claims that it is entitled to summary judgment because Daugherty did not substantially comply with the ITCA notice requirements because the notice was late, and that actual notice of the occurrence does not relieve Daugherty of his obligation to give notice of his claim to the County within 180 days of the occurrence.

■ First, the County is correct that actual knowledge or routine investigation of the flood did not relieve Daugherty of his duty to give notice that he intended to hold the County liable. *See McConnell,* 698 N.E.2d at 868.

Daugherty argues for a liberal construction of the notice statute and application of the doctrine of substantial compliance in this situation.

In *Volk v. Michigan City,* 109 Ind.App. 70, 32 N.E.2d 724, 725 (1941), a panel of this court stated as follows:

> In passing upon the proper construction to be given this statute, our court has repeatedly held that: "In so far as concerns the requirement that the notice be given, and within the time specified, and to the proper officers, the statute is strictly construed . . . . . But on the question of whether or not a notice in fact given is sufficiently definite as to the time, place, nature, etc., of the injury, the rule of liberal construction is generally adopted by the courts."

(citations omitted).

■ Therefore, the requirement that the notice be given within the 180–day period is strictly construed. Our courts have held, in construing prior versions of the ITCA statutes, that the notice statute is to be strictly construed as to giving timely notice to the proper officers, but liberally construed as to whether the notice is sufficiently definite as to time, place, nature, etc. of the injury. *See Burggrabe v. Board of Public Works of City of Evansville,* 469 N.E.2d 1233, 1235 (Ind.Ct.App. 1984). Thus, a substantial compliance analysis was not necessary. The trial court did not err by entering an order granting summary judgment in favor of the County. Daugherty's potential claim was barred as a matter of law by his failure to give notice within 180 days of the

occurrence. There was no question of fact regarding that issue to survive the County's motion for summary judgment.

Affirmed.

VAIDIK, J., and CRONE, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this case on March 30, 2005, marked Memorandum Decision, Not for Publication.

Come now the Appellees, by counsel, and file herein Motion to Publish Memorandum Decision, alleging therein that said decision should be published because it clarifies that the 180–day time frame limit to file a Notice of Tort Claim is strictly construed, even though other aspects of the Indiana Notice of Tort Claim statute are subject to substantial compliance.

The Court having reviewed its opinion in this case, having examined the Motion to Publish Memorandum Decision, and being duly advised, now finds that said Motion to Publish should be granted.

IT IS THEREFORE ORDERED that the Appellees' Motion to Publish Memorandum Decision is granted and this Court's decision in this appeal heretofore handed down on March 30, 2005 marked Memorandum Decision is now ordered published.

All Panel Judges Concur.