**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**JULIE J. HAVENITH**
Travelers Staff Counsel Office
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TOWN OF GRIFFITH and the GRIFFITH FIRE DEPARTMENT, | ) | |
| | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1107-CT-302 |
| | ) | |
| T.M. SOMERS FIRE EQUIPMENT, INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-0901-CT-6

**MARCH 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

The Town of Griffith and the Griffith Fire Department (collectively, "Griffith") appeal the trial court's denial of their motion for summary judgment. We reverse and remand.

## ISSUE

Griffith raises several issues, which we consolidate and restate as: whether the trial court erred by denying Griffith's motion for summary judgment.

## FACTS AND PROCEDURAL HISTORY

The facts in keeping with our standard of review are as follows. In March 2008, the Fire Department received sealed bids for fire protection equipment. The fire chief opened the bids, and T.M. Somers Fire Equipment, Inc. ("TMSFE"), had the lowest bid. The Fire Department held a meeting on March 14, 2008, to evaluate the bids, and Thomas Somers, the president of TMSFE, was denied entry to the meeting. TMSFE was not awarded the bid, and it subsequently complained that there was a conflict of interest because one of the trustees participating in the selection process also represented one of the bidders. Because of this claim, all of the bids were rejected and a second bidding process began.

TMSFE was not permitted to submit a bid in the second bidding process because of an alleged conflict of interest. Before the submission of bids, Five Alarm Fire Equipment was permitted to take measurements of the firefighters. On June 9, 2008, the fire chief opened the bids from the second bidding process but did not announce the results.

2

TMSFE sent a letter dated June 13, 2008, to the Griffith town attorney. In the letter, TMSFE indicated that the second bidding process was improper. TMSFE asserted that it did not have a conflict of interest and was therefore wrongfully excluded from bidding. TMSFE also asserted that Five Alarm Fire Equipment exercised undue influence over the bidding process and had an unfair advantage:

> Five Alarm has exercised undue influence over the bidding process because the bid specifications were prepared by Danny Michels. Michels was a Trustee on the Selection Committee as well as an employee of Five Alarm. Five Alarm had an unfair advantage over all of the other bidders because they had actual measurements and sizes of the individual fire fighters while the other bidders did not have this information nor is it in the specifications as issued.

Appellants' App. p. 57. TMSFE therefore requested that the second bidding process be cancelled and a new bidding process be instituted.

On June 14, 2008, the fire chief held a meeting to evaluate the bids. Somers asked the fire chief if he could attend the meeting but was denied. On July 2, 2008, the Fire Department began receiving items from Five Alarm Fire Equipment. On July 8, 2008, the fire chief called a special unadvertised membership meeting to award the contract to Five Alarm Fire Equipment.

In a formal complaint to the Indiana Public Access Counselor dated July 16, 2008, Somers claimed that the Fire Department had committed open door violations during the bidding for fire protection equipment by denying him entry to meetings on March 14, 2008, and June 14, 2008. On December 22, 2008, TMSFE sent Griffith a Notice of Claim, in which it argued that it had suffered damages as a result of Griffith's "violations of the open door law and failure to award to [the] lowest bidder." *Id.* at 61.

3

In January 2009, TMSFE filed a complaint against Griffith alleging that it "violated [the Fire Department's] by-laws, the 'open door law,' and Title 44 – Emergency Management and Assistance Bid Procedures, acted in an illegal, unfair and arbitrary manner, and showed favoritism in the award of the fire protection equipment and flagrant disregard of the public interest and the rights of the Plaintiff." *Id.* at 54-55. In its responsive pleading, Griffith asserted as affirmative defenses that TMSFE's claims were barred for failure to timely file its complaint under the Indiana Open Door Law and failure to timely file a notice of tort claim under the Indiana Tort Claims Act.

Griffith later filed a motion for summary judgment. In its motion, Griffith argued in part that TMSFE: (1) was barred from raising claims under the Indiana Open Door Law because it failed to timely file a complaint; (2) was barred from raising its other claims because it failed to timely file a notice of tort claim as required by the Indiana Tort Claims Act; and (3) cannot recover damages or prejudgment interest. TMSFE did not timely file a response to Griffith's motion for summary judgment and instead filed a motion for an extension of time to file a response after the time to file a response had already expired. After a hearing, the trial court denied TMSFE's motion for an extension of time, granted Griffith's motion for summary judgment as to damages and prejudgment interest, and denied summary judgment in all other respects. Upon Griffith's request, the trial court certified its order for interlocutory appeal, and this Court accepted jurisdiction.

DISCUSSION AND DECISION

Griffith contends that the trial court erred by denying its motion for summary judgment. When reviewing the entry or denial of summary judgment, our standard of

4

review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269-70 (Ind. 2009). All facts established by the designated evidence and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007).

We initially note that TMSFE did not file an appellee's brief. In such a case, we need not undertake the burden of developing arguments for the appellee, and we apply a less stringent standard of review with respect to showings of reversible error. *Ferguson v. Stevens*, 851 N.E.2d 1028, 1031 (Ind. Ct. App. 2006). That is, we may reverse if the appellants establish prima facie error, which is an error at first sight, on first appearance, or on the face of it. *Id.*

Griffith presents multiple arguments as to why the trial court erred by denying its motion for summary judgment; however, two are dispositive: (1) whether TMSFE is barred from raising claims under the Indiana Open Door Law because it failed to timely file its complaint and (2) whether TMSFE is barred from raising its other claims because it failed to timely file a notice of tort claim as required by the Indiana Tort Claims Act.

### I. INDIANA OPEN DOOR LAW

The Indiana Open Door Law seeks to assure that government business is conducted openly so that the general public may be fully informed. *See* Ind. Code § 5-14-1.5-1 (1987); *Lake Cnty. Trust Co. v. Advisory Plan Comm'n of Lake Cnty.*, 904

5

N.E.2d 1274, 1279 (Ind. 2009). The Indiana Open Door Law establishes a thirty-day time period to file a complaint:

> Regardless of whether a formal complaint or an informal inquiry is pending before the public access counselor, any action to declare any policy, decision, or final action of a governing body void, or to enter an injunction which would invalidate any policy, decision, or final action of a governing body, based on violation of this chapter occurring before the action is commenced, shall be commenced:
> . . .
> (2) . . . within thirty (30) days of either:
>     (A) the date of the act or failure to act complained of; or
>     (B) the date that the plaintiff knew or should have known that the act or failure to act complained of had occurred;
> whichever is later.

Ind. Code § 5-14-1.5-7(b) (2007). Here, the alleged open door violations occurred on March 14, 2008, and June 14, 2008, when Somers was denied entry to the Fire Department meetings to evaluate bids. TMSFE's January 2009 complaint alleging open door violations is therefore well beyond the thirty-day time period set forth by statute. *See City of Jeffersonville v. Envtl. Mgmt. Corp.*, 954 N.E.2d 1000, 1011 (Ind. Ct. App. 2011) (open door complaints against city and city's sewer board barred where they were filed more than thirty days after plaintiff should have known about alleged violations). In addition, as noted by the statute, TMSFE's complaint is time-barred regardless of the fact that Somers filed a formal complaint with the Public Access Counselor.

## II. INDIANA TORT CLAIMS ACT

The Indiana Tort Claims Act ("ITCA") bars tort claims against a political subdivision unless notice of a tort claim is filed within 180 days after the loss occurs. Ind. Code § 34-13-3-8(a) (1998); *Davidson v. Perron*, 716 N.E.2d 29, 33 (Ind. Ct. App.

1999), *trans. denied*. Compliance with the notice provisions of the ITCA is a procedural precedent that the plaintiff must prove and that the trial court must determine before trial. *Davidson*, 716 N.E.2d at 34. When a plaintiff fails to give the required notice, the defendant has an affirmative defense that must be raised in a responsive pleading to the plaintiff's complaint. *Id.* Once the defendant raises failure to comply with the ITCA's notice requirements as an affirmative defense, the burden shifts to the plaintiff to prove compliance. *Id.*

Here, TMSFE sent the Griffith town attorney a letter dated June 13, 2008, in which TMSFE alleged that it was wrongfully excluded from the bidding process and that Five Alarm Fire Equipment had exercised undue influence over the bidding process and had an unfair advantage. By June 13, 2008, then, TMSFE knew of its claim of irregularities in the bidding process, and it had 180 days from this date to file a notice of tort claim in compliance with the ITCA. Instead, it did not file its notice of tort claim until December 22, 2008, which is 192 days later. We therefore conclude that TMSFE's claims are barred for failure to timely file a notice as required by the ITCA. *See Daugherty v. Dearborn Cnty.*, 827 N.E.2d 34, 36-37 (Ind. Ct. App. 2005) (tort claim against county and county engineer barred where notice of tort claim filed beyond 180-day time period), *trans. denied*.

## CONCLUSION

For the reasons stated, we conclude that the trial court erred by denying Griffith's motion for summary judgment. We reverse the trial court's judgment and remand with instructions to grant summary judgment for Griffith.

Reversed and remanded with instructions.

VAIDIK, J., and MATHIAS, J., concur.