**Karen L. VANNATTA, Appellant–Plaintiff,**

**v.**

**Patricia CHANDLER, J. Michael Scheetz, and Scheetz Co., Inc., Appellees–Defendants.**

No. 29A02–0311–CV–1000.

Court of Appeals of Indiana.

June 29, 2004.

---

1. Gapinski testified that there was only one logical place for the boom truck to be stationed.

Claude M. Warren, Jr., Indianapolis, IN, Attorney for Appellant.

Robert S. Hulett, Ellen Morrison Townsend, Joseph M. Hendel, Hackman Hulett & Cracraft, LLP, Indianapolis, IN, Attorneys for Appellees.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Karen Vannatta appeals the trial court's order dismissing with prejudice her complaint brought in Hamilton County Superior Court against Patricia Chandler, J. Michael Scheetz, and Scheetz Co., Inc. (collectively, "Scheetz").

We reverse.

### ISSUE

Whether the trial court erred in dismissing Vannatta's complaint with prejudice.

### FACTS

Vannatta owned a residence ("the real estate") in Marion County which she listed for sale with F.C. Tucker Co. On May 6, 2001, Trent Knox and Diana Knox ("the Knoxes"), with the assistance of Chandler, a sales agent with Scheetz, submitted an offer to purchase the real estate along with an earnest money deposit. On May 7, 2001, Vannatta and the Knoxes reached an

agreement whereby the Knoxes would purchase the real estate for a certain sum. However, the sale was never consummated.

On June 28, 2001, Vannatta filed suit in Marion Superior Court No. 3 against the Knoxes and F.C. Tucker (which held the earnest money deposit).[1] Her complaint sought an order of specific performance and damages resulting from the defendants' breach of contract. The Knoxes filed a third party complaint against Scheetz, alleging that Chandler had breached her statutory duty of care and skill in preparing and submitting the offer to purchase on their behalf.

On May 16, 2003, Vannatta filed a separate complaint against Scheetz—"for tortious interference and breach of duty"—in Hamilton Superior Court. (Tr. 7). Vannatta alleged that Scheetz had "intentionally induced" the Knoxes "to breach their contract" to purchase the real estate from her. (App. 8). She also alleged that the Scheetz defendants "breached the duty they owed" to Vannatta. *Id.*

On July 9, 2003, Scheetz filed a motion to dismiss the Hamilton Superior Court complaint "pursuant to Trial Rule 12(B)(8) of the Indiana Rules of Trial Procedure," arguing that the claims asserted by Vannatta therein concerned the "same residential real estate transaction" and involved "the same facts and parties as the action pending in the Marion Superior Court." (App. 10, 14). Vannatta opposed the motion, arguing that it was "not the same action" because this was "a tort case" whereas the Marion Superior Court case was "a breach of contract case"; there were "different defendants"; and the Knoxes' presence was "not needed for just adjudication" of the tort case against Scheetz. (App. 33). Scheetz's reply asserted that Vannatta sought "the *same remedy* against the Knoxes in the Marion Superior Court suit as ... against [Scheetz] in the [Hamilton] Superior Court case" and that the parties were "substantially the same in both suits." (App. 39, 40).

On August 19, 2003, the Hamilton Superior Court heard arguments on Scheetz's motion.[2] On August 28, 2003, it granted the motion and ordered Vannatta's complaint to be dismissed with prejudice. On September 22, 2003, Vannatta filed a motion to correct errors, again arguing that the two cases were different and further arguing that the dismissal "with prejudice" served to deny her due process. (App. 62). The court denied Vannatta's motion.

### DECISION

Vannatta contends that the trial court erred in granting Scheetz's T.R. 12(B)(8) motion to dismiss "because the cases are not the same." Vannatta's Br. at 2. We agree.

A general principle of Indiana law is that when an action is pending before one Indiana court, other Indiana courts must defer to that court's authority over the case. *Davidson v. Perron,* 716 N.E.2d 29, 35 (Ind.Ct.App.1999), *trans. denied.* Trial Rule 12(B)(8) implements this principle by allowing dismissal of an action on the grounds that the same action is pending in another Indiana court. *Id.* The determination of whether two actions being tried in different state courts constitute the same action depends on whether the outcome of one action will affect the adjudication of the other. *Id.* The rule applies and an action should be dismissed

---

1.  Scheetz's Brief suggests that although the record does not so indicate, F.C. Tucker is no longer a party to this cause of action.

2.  Vannatta's Appendix does not include a transcript of those arguments.

where the parties, subject matter, and remedies are precisely or even substantially the same. *Id.* Thus, when faced with a challenge to a trial court's dismissal on the basis of T.R. 12(B)(8), the critical question before us is "whether the parties, subject matter, and remedies are either precisely or substantially the same." *Id.* at 36.

Scheetz notes that Vannatta, the Knoxes, and Scheetz are parties to the Marion Superior Court action, and Vannatta and Scheetz are parties to the Hamilton Superior Court action. After acknowledging that the Knoxes are not parties in the Hamilton Superior Court action, Scheetz nevertheless argues that the parties in the two actions "are substantially the same." Scheetz's Br. at 10. We find that Scheetz's perspective is too narrow, in that it fails to consider the context in which the parties are named in the two different causes.

■ In the Marion Superior Court action, Vannatta brought a cause of action for breach of contract against the Knoxes, alleging that they breached the contract for purchase of the real estate; the Knoxes then named Scheetz as a third-party defendant, alleging its negligence—the breach of *a duty owed to the Knoxes* in the preparation of their purchase offer and that *the Knoxes* had suffered damages as the result of Scheetz's negligence. In the Hamilton Superior Court, Vannatta brought a cause of action sounding in tort against Scheetz; she sought damages based on her allegations that Scheetz (1) tortiously interfered in the "valid and enforceable contract" between her and the Knoxes by "intentionally induc[ing]" the Knoxes to breach that contract, and (2) breached *a duty owed to Vannatta.*

Scheetz also contends the subject matter of both actions "is substantially the same." Scheetz's Br. at 12. It asserts that both lawsuits concern "a failed real estate

transaction involving Vannatta and the Knoxes" and that Vannatta seeks "damages as a result of the failed transaction." *Id.* However, even though the lawsuits both evolved from the failed real estate action, they represent separate efforts by Vannatta to seek legal redress through discrete causes of action. *See Songer v. Civitas Bank*, 771 N.E.2d 61, 66 (Ind.2002) ("cause" and "cause" of action not interchangeable terms; "cause" is a lawsuit, and "cause of action" is a legal theory of a lawsuit). As already discussed, the Marion Superior Court action seeks damages from the Knoxes based upon their breach of contract, with the Knoxes asserting that Scheetz was negligent and breached a duty owed to them. Hence, the issues in that matter are whether the Knoxes breached the terms of a contract with Vannatta, and whether Scheetz was negligent in that it breached a *duty owed to the Knoxes.* The Hamilton Superior Court action seeks damages in tort arising from the Scheetz's alleged negligence as to Vannatta, with the issue being whether Scheetz was negligent as to a duty *owed to Vannatta.*

Scheetz also argues that "the remedies sought by Vannatta in each action are substantially the same." Scheetz's Br. at 14. This is true, it asserts, because what Vannatta seeks is "a remedy that will make her whole or otherwise satisfy any deficiency that she has sustained as a result of the real estate transaction's failure." *Id.* However, the argument again fails to recognize that the lawsuits assert different causes of actions against different defendants. That she brought both lawsuits with the goal of making herself whole does not mean that they are "the same" for the purposes of T.R. 12(B)(8).

Finally, Scheetz asserts that "the outcome of one of the pending actions will affect the adjudication of the other action." Scheetz's Br. at 14. The argument in this

regard is simply that there is an "overlap" between a claim for breach of contract and one for tortious interference with a contract in that both require proof that "a contract existed; ... there was a breach of the contract; and that damages resulted from the alleged breach." *Id.* at 15. As with the preceding arguments, we are not persuaded. *Inter alia,* Scheetz fails to recognize that Vannatta's lawsuit in Hamilton Superior Court asserted two tort claims—not just tortious interference with a contract but also the breach of a duty "owed to [Vannatta] as the Seller of real estate listed through another real estate broker." (App. 8). Moreover, a finding in the Marion Superior Court action that Scheetz was not negligent as to a duty owed to the Knoxes would not necessarily preclude a finding in the Hamilton Superior Court action that Scheetz was negligent as to a duty owed to Vannatta.

Article 1 Section 12 of the Indiana Constitution provides to Vannatta that the courts shall be open for her to "have remedy by due course of law" for injury done to her. Vannatta correctly notes that the dismissal with prejudice of the tort action she brought in Hamilton Superior Court means that she will not be able to pursue her tort claim against Scheetz.[3] Thus, when Vannatta's tort action was dismissed, she was effectively denied access to the court to seek a remedy for the damages she claims were the result of negligence by Scheetz when it breached a duty owed to her.

Scheetz does not dispute that the Hamilton Superior Court has subject matter jurisdiction to consider the tort claim brought by Vannatta; nor does it dispute

the court's personal jurisdiction and jurisdiction of the case. The facts before us lead us to conclude that neither the parties, the subject matter nor the remedies of the two actions brought by Vannatta are "substantially the same" so as to warrant invocation of T.R. 12(B). Therefore, we cannot find that T.R. 12(B)(8) prevents Vannatta from pursuing her causes of action against different defendants in two different courts. Accordingly, we find that the dismissal with prejudice was error and must be reversed.[4]

We reverse.

SHARPNACK, J., and BAILEY, J., concur.

---

**3.** If Vannatta attempted to amend her complaint in the Marion Superior Court to add her negligence claims, Scheetz would contend that it was barred by the statute of limitation is borne out by Scheetz's statement that "Vannatta cannot re-file this action as a result

of the statute of limitations having run on her" tort claim. Scheetz's Br. at 18.

**4.** We note that if the reasoning of the Hamilton Superior Court was a concern for judicial economy, consolidation of the two causes pursuant to Trial Rule 40 may be appropriate.