Robert S. KENTNER, Appellant–
Plaintiff,

v.

INDIANA PUBLIC EMPLOYERS'
PLAN, INC., Appellee–
Defendant.

No. 34A02–0602–CV–153.

Court of Appeals of Indiana.

Aug. 11, 2006.

Rehearing Denied Oct. 19, 2006.

Robert S. Kentner, Kokomo, Appellant Pro Se.

Karoline E. Jackson, Monica R. Brownewell Smith, Barnes & Thornburg LLP, Indianapolis, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff Robert S. Kentner appeals from the trial court's order granting the Trial Rule 12(B)(8) motion to dismiss of appellee-defendant Indiana Public Employers' Plan, Inc. (IPEP). In particular, Kentner argues that the trial court erred in granting IPEP's motion to dismiss because the action filed herein is not the same as an action—also involving Kentner and IPEP—currently pending in federal court. Additionally, Kentner argues that the trial court erred in dismissing his complaint pursuant to principles of comity. Finding that the Federal Rules of

Civil Procedure do not trump an Indiana statute, we reverse the judgment of the trial court and remand for trial to determine whether IPEP is a public agency and Kentner is entitled to the requested documents pursuant to the Indiana Access to Public Records Act (APRA) [1].

## FACTS [2]

### The Federal Litigation

Kentner is an attorney and a former employee of Timothy R. Downey Insurance, Inc. (Downey). According to Kentner, IPEP hired Downey as a third-party administrator of Downey's workers' compensation benefits. Essentially, therefore, Kentner explains that Downey and IPEP were his co-employers. On March 7, 2003, Kentner sued Downey in Marion County Superior Court, contending that he had been wrongfully terminated from his employment and seeking back wages and damages. On March 27, 2003, Downey removed Kentner's complaint to the United States District Court for the Southern District of Indiana (the Federal Litigation).[3]

On April 28, 2004, Kentner filed a motion to add IPEP and other defendants as parties. On October 19, 2004, the federal court granted Kentner's motion, and on October 20, Kentner amended his federal complaint to add IPEP as a defendant to the Federal Litigation. Kentner is asserting a First Amendment claim pursuant to 42 United States Code section 1983 against IPEP, alleging that IPEP is a state actor, and, through its relationship with Downey, took adverse employment action against Kentner in violation of his First Amendment right to free speech.

---

1. Ind.Code § 5–14–3–1 et seq.

2. We held oral argument in Indianapolis on June 21, 2006.

3. The Federal Litigation is captioned as *Robert S. Kentner v. Timothy R. Downey Ins., Inc., et al.*, Cause No. 1:03–CV–0435 RLY–WTL.

Specifically, Kentner claims that before the termination of his employment, he advised Downey and IPEP that he believed that IPEP was engaging in illegal conduct. Kentner contends that IPEP's investments, including its purchase of the for-profit insurance company Employers Protective Insurance Company (EPIC) in 1998 and its investments in equities and bonds, violate Indiana law. Furthermore, Kentner alleges that IPEP has also violated Indiana statutes governing public bid procedures. Ultimately, Kentner argues in the Federal Litigation that he was fired by Downey after providing advice to Downey and IPEP that IPEP's conduct violated Indiana law.

Before adding IPEP as a defendant, Kentner sought discovery in the Federal Litigation from over three hundred nonparties, including IPEP.[4] In particular, Kentner requested information on, among other things, IPEP's finances, its investments, its purchase of EPIC, and IPEP's communications and disclosures to IPEP members and their respective insurance agents. He claimed that the discovery was necessary to support his accusation that IPEP was acting illegally and misleading its members.

As support for his discovery requests, Kentner specifically argued that IPEP was a public agency subject to APRA. Because, according to Kentner, IPEP was a public agency, the documents he was seeking are open for public inspection and should have been produced in the Federal Litigation. According to IPEP, the federal court prohibited all nonparty discovery sought by Kentner.[5]

After adding IPEP as a defendant to the Federal Litigation, Kentner propounded discovery on IPEP, requesting much of the same information he had requested of IPEP when it was a nonparty. IPEP objected to producing this information to Kentner on the basis that whether IPEP had, in fact, been acting illegally was irrelevant to Kentner's First Amendment claim against IPEP.

On May 25, 2005, the federal court held a status conference at which the parties informed the magistrate of their discovery dispute and respective legal positions relating thereto. The federal court did not order IPEP to produce the requested documents and information, and informed Kentner that if he continued to desire the production of these documents, he should file a motion to compel discovery.

*The State Litigation*

Also on May 25, 2005, following the status conference in the Federal Litigation, Kentner served a request on IPEP pursuant to APRA, in which he requested the same or substantially similar documents at issue in the Federal Litigation discovery dispute. IPEP denied Kentner's request for public records on the basis that IPEP was not a public agency subject to APRA and out of concern that Kentner was attempting to circumvent the federal court.

After IPEP denied Kentner's request, he filed a complaint with the Indiana Public Access Counselor (IPAC) on June 8, 2005, again seeking the same documents. On July 11, 2005, the IPAC issued a formal opinion in which it concluded that IPEP

---

**4.** The record does not reveal the date on which Kentner propounded his discovery requests on IPEP as a nonparty.

**5.** The chronological case summary for the Federal Case does not reveal any such order, though it does show that on July 27, 2003, the federal court stayed all discovery, including nonparty discovery. Appellant's App. p. 36–51. If the federal court did, in fact, prohibit all nonparty discovery, the record does not reveal the date on which that order was entered.

was not a public agency subject to APRA, and, therefore, was under no statutory obligation to produce the requested documents to Kentner.

On August 18, 2005, Kentner filed the complaint at issue in this case, asserting that IPEP is a public agency [6] and should be compelled to produce the requested documents to Kentner under APRA (the State Litigation). Kentner contends that on August 19, 2005, the district court in the Federal Litigation orally advised the parties that it had no jurisdiction over Kentner's APRA claim. IPEP vigorously denies that the district court ever made such a statement. Indeed, IPEP asserts that as of August 19, neither the district court nor IPEP was aware that Kentner had filed the APRA lawsuit in state court.

IPEP filed a motion to dismiss Kentner's complaint in the State Litigation, and, on October 17, 2005, the trial court granted IPEP's motion and dismissed the complaint with prejudice pursuant to Indiana Trial Rule 12(B)(8) and principles of comity. On December 20, 2005, Kentner filed a motion to correct error, and on February 7, 2006, the trial court denied that motion. Kentner now appeals.[7]

### DISCUSSION AND DECISION

Kentner argues that the trial court erred in dismissing his complaint with prejudice pursuant to Trial Rule 12(B)(8) and principles of comity. Specifically, Kentner contends that the respective parties, subject matters, and remedies involved in the State and Federal Litigation are different from each other.

### I. Trial Rule 12(B)(8)

We apply a de novo standard of review to the grant or denial of a motion to dismiss because the same action is pending in another court, inasmuch as it is a question of law. *Ind. & Mich. Elec. Co. v. Terre Haute Indus., Inc.*, 467 N.E.2d 37, 42 n. 2 (Ind.Ct.App.1984).

Indiana Trial Rule 12(B)(8) provides that a party may file a motion to dismiss a complaint because "[t]he same action [is] pending in another state court of this state." [8] We have described the way in which a 12(B)(8) motion to dismiss should be evaluated as follows:

A general principle of Indiana law is that when an action is pending before one Indiana court, other Indiana courts must defer to that court's authority over the case.... The determination of whether two actions being tried in different state courts constitute the same action depends on whether the outcome of one action will affect the adjudication of the other. The rule applies and an action should be dismissed where the parties, subject matter, and remedies are precisely or even substantially the same in both suits. Thus, when faced with a challenge to a trial court's dismissal on the basis of T.R. 12(B)(8), the critical question before us is "whether

---

6. Although Kentner repeatedly asserts as fact that IPEP is a public agency, IPEP has consistently maintained throughout the Federal and State Litigation that it is not a public agency.

7. As will be discussed more fully herein, although Kentner appealed from the order granting IPEP's motion to dismiss and not the denial of his motion to correct error, he raises an issue in his appellate brief that arises solely from his motion to correct error.

8. Trial Rule 12(B)(8) applies here even though the earlier-filed litigation is pending in a federal court because the Federal Litigation was previously removed from Marion County Superior Court. *Young v. Herald*, 138 Ind. App. 454, 457, 209 N.E.2d 525, 527 (1965) (holding that a prior federal lawsuit bars a plaintiff from subsequently pursuing the same action in a state court if the federal lawsuit had been removed from a state court).

the parties, subject matter, and remedies are either precisely or substantially the same."

*Vannatta v. Chandler*, 810 N.E.2d 1108, 1110–11 (Ind.Ct.App.2004) (quoting *Davidson v. Perron*, 716 N.E.2d 29, 36 (Ind.Ct.App.1999)) (citations omitted).

### A. Parties

■ In the Federal Litigation, Kentner is the plaintiff and IPEP is one of the defendants. Similarly, in the State Litigation, Kentner is the plaintiff and IPEP is the sole defendant. Kentner argues that the parties are different because his "status" in the two cases is different. Appellant's Br. p. 10. Specifically, Kentner points out that in the Federal Litigation, he is suing as an employee of Downey and IPEP, whereas in the State Litigation, he is enforcing the same right available to any citizen seeking public records. IPEP, on the other hand, argues that a simple examination of the respective captions of the two lawsuits reveals that the parties are identical.

It is true that an examination of the captions shows that the party names in the two cases are identical. We believe, however, that this is an overly simplistic analysis of the situation. In the Federal Litigation, Kentner is pursuing his lawsuit against IPEP as a former employee of the entity, alleging that he was discharged from his employment in violation of his right to free speech. In the State Litigation, on the other hand, Kentner is suing as a citizen of Indiana seeking public records. In other words, in the State Litigation, Kentner is merely a person who is a citizen of this State. Under these circumstances, we cannot conclude that the parties are substantially the same such that a Trial Rule 12(B)(8) dismissal is warranted.

### B. Subject Matter

■ Kentner argues that the subject matter of the two cases is entirely different, such that application of Trial Rule 12(B)(8) is inappropriate. Turning first to the Federal Litigation, we observe that Kentner is pursuing a section 1983 claim against IPEP, alleging that he was terminated from his employment in violation of his First Amendment right to free speech. The relevant federal statute provides, in pertinent part, that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. To state a claim for retaliation in violation of the First Amendment, a plaintiff-employee must establish the following elements: (1) the plaintiff-employee's speech was constitutionally protected, (2) the employer terminated the plaintiff-employee because of his protected speech, and (3) the employer would not have terminated the plaintiff-employee in the absence of his protected speech. *Gazarkiewicz v. Town of Kingsford Heights*, 359 F.3d 933, 940 (7th Cir.2004). A primary issue to be resolved in determining whether a person is subject to a lawsuit pursuant to section 1983 for the deprivation of rights is whether the alleged infringement of rights is fairly attributable to the state. *Rendell–Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

■ In the State Litigation, on the other hand, Kentner seeks to obtain certain

documents from IPEP, an alleged public agency, pursuant to APRA. The relevant portion of APRA provides, in pertinent part, as follows:

> A person who has been denied the right to inspect or copy a public record by a public agency may file an action in the circuit or superior court of the county in which the denial occurred to compel the public agency to permit the person to inspect and copy the public record.... The person who has been denied the right to inspect or copy need not allege or prove any special damage different from that suffered by the public at large.

Ind.Code § 5–14–3–9(e). The plaintiff has the burden of proving that the entity from which it is seeking documents is a public agency within the meaning of APRA. *Perry County Dev. Corp. v. Kempf,* 712 N.E.2d 1020, 1023 (Ind.Ct.App.1999).

■ It is readily apparent that section 1983 and APRA are two separate and independent laws, and provide two separate and independent causes of action. Thus, it necessarily follows that the subject matter of the two lawsuits is not the same. Moreover, the operative facts in each case are completely different from one another. In the Federal Litigation, Kentner's First Amendment claim arises out of being discharged from his employment allegedly because he spoke out about IPEP's purported illegal activities and wasting of public funds. But in the State Litigation, his APRA claim came into being nearly two years after the termination of his employment and arose out of IPEP's denial of Kentner's request to view allegedly public records.

IPEP, on the other hand, insists that we should focus on the discovery dispute in the Federal Litigation rather than the Federal Litigation as a whole. IPEP emphasizes that Kentner requested IPEP documents in the Federal Litigation during discovery, at one point invoking APRA in support of his request. In the State Litigation, Kentner seeks the production of the same documents he sought in the Federal Litigation. Thus, IPEP concludes that the subject matter in the two lawsuits is the same.

We believe IPEP's approach to be too narrow. Our task, pursuant to *Vannatta,* 810 N.E.2d at 1110–11, is to determine whether the subject matter of the two *lawsuits* is substantially the same. To focus solely on the discovery dispute in the Federal Litigation is to be myopic in our analysis, which we shall not do. Rather, we must examine the two lawsuits as a whole.

Thus, we conclude that the similarity of the documents Kentner seeks in the two lawsuits is irrelevant to determining whether the trial court properly dismissed his APRA claim pursuant to Rule 12(B)(8). Rather, we must focus on whether the parties, subject matter, and remedies sought are substantially the same in both suits. We have already concluded herein that neither the parties nor the subject matter are substantially the same, and turn next to the remedies Kentner seeks in the two lawsuits.

### C. Remedies

■ In the Federal Litigation, Kentner is seeking monetary damages. In the State Litigation, on the other hand, he is seeking only the disclosure of the requested documents. Thus, it is apparent that the remedies of the two lawsuits are not substantially the same. IPEP again urges us to focus on the discovery dispute in the Federal Litigation rather than the lawsuit as a whole, in which case the remedies sought by Kentner in the two cases are identical—the production of the sought-after documents. As noted above, howev-

er, our task is to examine the *lawsuits* filed by Kentner and the remedies he seeks therein, not to focus narrowly on a discovery dispute contained within one of the cases. Thus, we conclude that the remedies sought by Kentner in the State and Federal Litigation are not substantially the same such that a Rule 12(B)(8) dismissal is warranted.

### D. Outcomes

■ Kentner argues that the outcome of his APRA claim will not affect the outcome of his First Amendment claim, and vice versa. Specifically, he emphasizes that a determination of whether IPEP is a public agency pursuant to APRA would not be a determinative factor in determining whether IPEP acted under color of state law pursuant to his First Amendment claim, and vice versa.

IPEP, on the other hand, contends that the determination of whether IPEP is a public agency is relevant and outcome-determinative to both claims. According to IPEP, the central question is whether Kentner's APRA claim requires the trial court to make a determination of key factual issues already pending in the Federal Litigation. IPEP cites to *Keith v. Dooley*, 802 N.E.2d 54 (Ind.Ct.App.2004), *trans. denied*, as support for this proposition. In *Keith*, the plaintiffs filed a will contest in one state court, and, while the will contest was still pending, filed a tort complaint alleging interference with inheritance in another state court. We dismissed the tort action pursuant to Rule 12(B)(8) because the key issue in each action was the validity of the will. *Id.* at 56–57.

Here, IPEP argues that Kentner relies on the same facts in both proceedings to establish that IPEP is a state actor and a public agency, respectively. In particular, Kentner has argued in both lawsuits that IPEP is public in nature because it was allegedly created by Indiana's Interlocal Cooperation Act, is tax exempt, and is subject to audit by the State Board of Accounts. Thus, this demonstrates that he relies upon and must prove the same key facts to succeed on these allegedly outcome-determinative issues in both lawsuits.

Initially, we observe that at oral argument, IPEP represented that there are pending motions for summary judgment in the Federal Litigation and that there are no remaining genuine issues of material fact in that case. Thus, we are hard-pressed to imagine how the trial court in the State Litigation will have to determine key factual issues already pending in the Federal Litigation, inasmuch as according to IPEP, there are no key factual issues pending in the Federal Litigation.

■ Notwithstanding that representation, we note that Kentner concedes that similar facts may be relevant in determining IPEP's status under APRA and section 1983. But he insists that because the analyses, conclusions, and outcomes of the two lawsuits are different, the mere fact that similar pieces of information may be considered in both cases does not automatically mean that an entity satisfying one standard will summarily satisfy the other standard. In other words, the federal district court would not summarily conclude that IPEP is a state actor for purposes of section 1983 merely because IPEP was found to be a public agency pursuant to APRA, and vice versa. We agree. Whether IPEP is a public agency pursuant to APRA is simply not pending before the federal district court;[9] consequently, the

---

9. We acknowledge that IPEP represented at oral argument that Kentner has filed a motion

for summary judgment in the Federal Litigation that is based upon the argument that

resolution of the Federal Litigation, whatever it may be, will have no impact whatsoever upon the trial court's determination in the State Litigation. The opposite is true as well.

Moreover, in *Keith*, the central issue involved in the will contest and the tort action was the validity of the will. 802 N.E.2d at 56–57. Here, on the other hand, the central issue involved in the State Litigation is whether IPEP is a public agency pursuant to APRA, whereas the central issue involved in the Federal Litigation is whether Kentner's employment was terminated in violation of his right to free speech. We are not persuaded, therefore, that the rule announced in *Keith* is applicable to this case. Thus, we conclude that the outcome of the Federal Litigation will have no effect upon the outcome of the State Litigation, and vice versa.

### E. Alleged Abuse of the Judicial Process

IPEP argues that the State Litigation was an abuse of APRA and an attempt by Kentner to circumvent the federal district court. Specifically, IPEP argues that "[c]ircumventing the discovery rules and subverting the authority of the state and federal courts is not what the Indiana General Assembly intended when it adopted the APRA." Appellee's Br. p. 19. As there is no state authority on this issue, IPEP turns to case law interpreting the Freedom of Information Act (FOIA) as support for its assertion. It notes that the United States Supreme Court has looked with disfavor upon parties that use FOIA as a substitute for civil discovery. *Baldrige v. Shapiro,* 455 U.S. 345, 360 n. 14, 102 S.Ct.

1103, 71 L.Ed.2d 199 (1982). Furthermore, the Seventh Circuit has held that FOIA cannot be used "to benefit private litigants by serving as an adjunct or supplement to the discovery provisions of the Federal Rules of Civil Procedure." *Miller v. Bell,* 661 F.2d 623, 626 (7th Cir.1981), *abrogated in part on other grounds by U.S. Dept. of Justice v. Landano,* 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993).

IPEP argues that Kentner should not be permitted, after having filed the Federal Litigation, to file a separate lawsuit in a state court as a discovery tool for the Federal Litigation. It contends that the State Litigation is merely an attempt to circumvent the discovery process in the Federal Litigation.

In responding to this argument, we turn first to the purpose of APRA, as described by the legislature:

> A fundamental philosophy of the American constitutional form of representative government is that government is the servant of the people and not their master. Accordingly, it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. Providing persons with the information is an essential function of a representative government and an integral part of the routine duties of public officials and employees, whose duty it is to provide the information. This chapter shall be liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to

---

IPEP is a public agency pursuant to APRA. Even if the federal district court were to rule upon that issue, its decision would not be binding on Indiana state courts. *See HCA Health Servs. of Ind., Inc. v. Gregory,* 596

N.E.2d 974, 975 n. 5 (Ind.Ct.App.1992) (holding that "federal decisions interpreting state law are of only persuasive precedential value").

the record and not on the person seeking to inspect and copy the record. Ind.Code § 5–14–3–1. Section 3 of APRA goes on to provide that "Any person may inspect and copy the public records of any public agency.... No request may be denied because the person making the request refuses to state the purpose of the request, unless such condition is required by other applicable statute." *Id.* at § –3.

■■■ Among other things, we glean the following two tenets from the foregoing APRA provisions: (1) it is a fundamentally important policy of this State that its citizens have the right to full and complete information regarding the affairs of public agencies; and (2) the purpose for which a citizen intends to use the requested information is *entirely irrelevant* to his right to the information. Thus, whether Kentner intends to use the requested documents to watch over IPEP's conduct to ensure that it has acted and will continue to act within the bounds of the law, as he represented at oral argument, or to supplement his case in the Federal Litigation, or to paper the walls of his house with and write a song about, has absolutely no bearing on whether he is entitled to those documents. Rather, all that matters is whether IPEP is a public agency and, if so, whether the documents fall into one of the statutorily-delineated exceptions to the general APRA rule.

■■■ In essence, IPEP asks us to hold that, regardless of the explicit policy of APRA and the explicit statutory language providing that a citizen's purpose is irrelevant to his right to the requested information, the Federal Rules of Civil Procedure trump this state statute. IPEP cites to no authority for this argument, and, indeed, we cannot imagine that there is any authority supporting this fundamentally untenable proposition. As a citizen of the state of Indiana, Kentner has a right to his

day in court, as does every citizen of this State, to prove that he is entitled to the requested documents pursuant to APRA. That he is involved in ongoing litigation in federal court against IPEP is of no moment to his right to "full and complete information" regarding the affairs and activities of public agencies. I.C. § 5–14–3–1. Thus, even if, for argument's sake, we conclude that his APRA lawsuit is an abuse of the federal discovery process, Kentner's fundamental right as a citizen of Indiana to his day in court is unaffected.

In sum, we have concluded that neither the parties, the subject matter, nor the remedies of the two lawsuits at issue are substantially the same. Moreover, the outcome of one lawsuit will have no effect upon the outcome of the other. Finally, Kentner has a fundamental right as a citizen of this State to have his day in court to prove that he is entitled to the requested documents that is unaffected by his intended use of those documents and his alleged abuse of the federal discovery process. Consequently, we conclude that the trial court erred in dismissing Kentner's complaint pursuant to Trial Rule 12(B)(8).

## *II. Comity*

■■■ Turning briefly to the trial court's dismissal of Kentner's complaint based upon principles of comity, we observe that comity is "a willingness to grant a privilege, not as a matter of right, but out of deference and good will. Its primary value is to promote uniformity of decision by discouraging repeated litigation of the same question." *Am. Econ. Ins. Co. v. Felts,* 759 N.E.2d 649, 660 (Ind.Ct.App.2001). Pursuant to principles of comity, an Indiana state court may dismiss a case to respect proceedings pending in other courts. *Id.*

■ We certainly applaud the trial court's desire to respect the proceedings that are ongoing in its sister federal court. But as noted above, the issues presented by the State Litigation are separate and different from those presented by the Federal Litigation. The subject matter of the two lawsuits is not the same, and the outcome of one will have no effect upon the outcome of the other. Thus, this matter does not present the possibility of repeated litigation of the same question, and there is no need to dismiss the State Litigation out of deference to the federal district court pursuant to principles of comity.

The judgment of the trial court is reversed and remanded for trial to determine whether IPEP is a public agency and Kentner is entitled to the requested documents pursuant to APRA.

MAY, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I concur but write separately to take issue with one of the conclusions reached by the majority. Such conclusion is not dispositive, however, and does not impact my agreement with the reversal of the dismissal in this case.

I fully agree with the majority's reliance upon *Vannatta v. Chandler*, 810 N.E.2d 1108 (Ind.Ct.App.2004) and *Davidson v. Perron*, 716 N.E.2d 29 (Ind.Ct.App., 1999) for the proposition that the critical question is whether the parties, subject matter, and remedies are either precisely or substantially the same. I further agree that in the case before us the parties, subject matter and remedies are not precisely or substantially the same.

However, I disagree with the conclusion of the majority opinion, as set forth at several locations, that the outcome of the State litigation will not "affect the adjudi-

cation" in the federal litigation. *See Vannatta*, 810 N.E.2d at 1110.

The Indiana trial court's resolution of the "public agency" factual issue may well not impact the federal determination upon the 42 U.S.C. § 1983 claim. Nevertheless, if for APRA purposes, IPEP is a "public agency" and is ordered to disclose the documents sought, that determination "will affect" the federal adjudication in that the documents may demonstrate the alleged illegal activity of IPEP, which is an essential element of the § 1983 action.

Subject to the above, I concur in the reversal and remand to the trial court.