## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 25 2019, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Edward L. Murphy, Jr.
Lauren R. Deitrich
ROTHBERG LOGAN & WARSCO LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
WRECKS, INC.

Thomas F. O'Gara
James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Amy D. Martin, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Lawrence A. Maurer, et al., <br> *Appellees-Defendants.* | April 25, 2019 <br><br> Court of Appeals Case No. 18A-CT-2722 <br><br> Appeal from the Boone Circuit Court <br><br> The Honorable J. Jeffrey Edens, Judge <br><br> Trial Court Cause No. 06C01-1711-CT-1414 |

**Bailey, Judge.**

# Case Summary

[1] Amy D. Martin ("Martin") filed a declaratory action naming as defendants her ex-husband Lawrence A. Maurer ("Maurer")[1] and Wrecks, Inc. ("Wrecks"). Wrecks moved to dismiss, asserting—*inter alia*—dismissal was proper under Trial Rule 12(B)(8) because the same action was pending in a different court. The trial court dismissed the action, citing Rule 12(B)(8) and other grounds. Martin filed a motion to reconsider and a motion to correct error, which were denied. Martin now appeals, challenging dismissal of the action and alleging invited error. Concluding that dismissal was proper under Trial Rule 12(B)(8) irrespective of any alleged invited error, we affirm the trial court in all respects.

# Facts and Procedural History

[2] Martin and Maurer dissolved their marriage in 2010 pursuant to a settlement agreement in which Maurer represented and warranted having a 20% interest in "real estate and other assets related to" Wrecks. Appellant's App. Vol. 2 at 60. The settlement agreement—incorporated into a dissolution decree entered in Hamilton County—specified that Martin would receive 55% "of the net proceeds of sale and/or any asset distribution and/or any other form of distribution of value" from Maurer's represented 20% interest in Wrecks. *Id.*

---

[1] Maurer did not appear in this action and does not actively participate on appeal.

[3]     In early 2015, Martin filed a motion for proceedings supplemental in the Hamilton Circuit Court. Martin named Wrecks as a garnishee defendant and alleged that Wrecks recently sold real estate, refused to pay Martin any portion of the proceeds, and had denied that Maurer had any interest in the proceeds. Martin alleged that "Wrecks should be summoned to answer regarding any property of [Maurer's] in its possession." *Id.* at 72. Wrecks filed a responsive pleading in which it denied Maurer had any interest in Wrecks or its assets. Thereafter, Martin petitioned to set aside the dissolution decree, alleging that Maurer fraudulently misrepresented his interest in assets pertaining to Wrecks.

[4]     At some point, Wrecks moved to bifurcate the fraud claim and the garnishment claim, seeking a stay of action against Wrecks until a ruling on the petition to set aside the decree. In March 2016, the Hamilton Circuit Court bifurcated the claims and ordered a stay of further proceedings against Wrecks as a party. In its bifurcation order, the court reasoned that "if Martin is successful in having the Divorce Decree set aside for fraud, then no judgment potentially involving Maurer's purported interest in Wrecks would exist, and there would no longer be a basis for Wrecks to be included as a garnishee defendant." *Id.* at 126-27.

[5]     In November 2017—during the stay concerning Wrecks in Hamilton County—Martin filed the instant Boone County action against Wrecks and Maurer. In her Complaint for Declaratory Judgment, Martin referred to the dissolution decree and asserted that "[a]n actual controversy exists as to whether Maurer holds a 20% interest in the proceeds of real estate sold by Wrecks." *Id.* at 25. Martin noted the pending Hamilton County action but alleged that Wrecks—in

moving to bifurcate claims—"argued that . . . proceedings supplemental was not the proper forum for the claim asserted by Martin" and that the matter should be dealt with in a separate action between Maurer and Wrecks. *Id.* at 26. Martin sought "a declaratory judgment determining that Maurer has an enforceable interest in the proceeds of real estate sold by Wrecks which would be subject to the Property Settlement Order in the Dissolution Action." *Id.*

[6] In January 2018, Wrecks filed a motion to dismiss the Boone County action, alleging—*inter alia*—dismissal was proper under Trial Rule 12(B)(8). A few months later, during the pendency of Wrecks's motion to dismiss the Boone County action, Martin filed a motion in the Hamilton Circuit Court, requesting a lift of any stay so that Martin could withdraw her claim against only Wrecks. The Hamilton Circuit Court denied this motion in April 2018.

[7] On June 28, 2018, the Boone Circuit Court granted Wrecks's motion to dismiss the declaratory action. A few days later, on July 3, 2018, the Hamilton Circuit Court reconsidered its refusal to lift the stay and granted Martin's motion to withdraw the claim against Wrecks, dismissing that claim without prejudice. In light of this development, Martin moved the Boone Circuit Court to reconsider its dismissal or, in the alternative, correct error. These motions were denied.

[8] Martin now appeals.

# Discussion and Decision

[9] Indiana Trial Rule 12(B)(8) permits dismissal of an action where "[t]he same action [is] pending in another state court of this state."  This rule "applies where the parties, subject matter, and remedies are precisely the same, and it also applies when they are only substantially the same."  *Beatty v. Liberty Mut. Ins. Grp.*, 893 N.E.2d 1079, 1084 (Ind. Ct. App. 2008).  Whether two actions are the same under the rule "depends on whether the outcome of one action will affect the adjudication of the other."  *Kentner v. Ind. Pub. Employers' Plan, Inc.*, 852 N.E.2d 565, 570 (Ind. Ct. App. 2006) (quoting *Vannatta v. Chandler*, 810 N.E.2d 1108, 1110 (Ind. Ct. App. 2004)), *trans. denied*.  "[I]nasmuch as it is a question of law," we apply a *de novo* standard of review to the grant or denial of a motion to dismiss under Trial Rule 12(B)(8).[2]  *Id.*

[10] At the time the Boone Circuit Court granted the motion to dismiss under Rule 12(B)(8), there was a pending action in the Hamilton Circuit Court involving the same parties: Martin, Maurer, and Wrecks.  After the stay ordered in the Hamilton County case, the litigation would initially concern whether to set aside the decree because of a fraudulent misrepresentation that Maurer had an interest in certain assets of Wrecks.  Relatedly, the Boone County case was

---

[2] Thus, to the extent Martin notes that the Hamilton Circuit Court characterized the matters as "separate and independent," Br. of Appellant at 19, we owe no deference to that determination.  Further, to the extent Martin suggests Wrecks relies on matters outside the record, we have constrained our review to the record.

designed to answer whether Maurer made a misrepresentation at all, as Martin sought a declaratory judgment "that Maurer has an interest in the proceeds of the sale of real estate by Wrecks which is therefore subject to the Property Settlement Order in the Dissolution Action." Appellant's App. Vol. 2 at 26.

[11] In arguing that the matters are not substantially the same and that the Boone Circuit Court erred in dismissing the action, Martin focuses on language in the July 2018 order of the Hamilton Circuit Court—entered subsequent to the Trial Rule 12(B)(8) dismissal. In that order, the Hamilton Circuit Court determined that the declaratory action "is a separate and independent claim from the dissolution of marriage action" pending before it. Appellant's App. Vol. 3 at 7. Martin suggests, without citation, that the Boone Circuit Court erred by failing to "explain that conflict," Br. of Appellant at 17, or otherwise "interpret the Hamilton Circuit Court Order" when ruling on Martin's motions, *id.* at 18. We disagree, however, because events subsequent to an order do not render that order erroneous. *See Styck v. Karnes*, 462 N.E.2d 1327, 1331 (Ind. Ct. App. 1984) (noting that events subsequent to trial did not constitute newly discovered evidence and that "[t]he proper method . . . to enlighten the trial court is through T.R. 60(B) which specifically provides [for] relief from a judgment").[3]

---

[3] Martin briefly argues that the Boone Circuit Court erred in paragraph 29 of its written order concerning the motion to reconsider. Therein, the Boone Circuit Court determined that the motion had been "deemed denied" under Trial Rule 53.4(A). Appellant's App. Vol. 2 at 20. Martin argues that the court incorrectly applied the rule. Yet, this argument is unavailing because the court nevertheless "in the alternative denie[d] the Motion to Reconsider." *Id.*; *see* Ind. App. R. 66(A) ("No error or effect in any ruling or order or in

[12] Martin also argues that the practical effect of contradictory rulings in Boone County and Hamilton County is to "deprive [her] of a court to hear her claim against Wrecks." Br. of Appellant at 17. Yet, when the Hamilton Circuit Court dismissed Wrecks as a party, it did so without prejudice. Martin further asserts that "[i]n view of the Boone Circuit Court Order, [Martin] is without a court to determine [Maurer's] interest, if any, in Wrecks." *Id.* at 19. Yet, in the proceedings supplemental against Maurer, Martin and Maurer could litigate whether Maurer has an interest in Wrecks.

[13] We conclude that the matters were substantially the same. Although framed differently, the predicate for both matters was Martin's purported interest—conferred by dissolution decree—in any assets distributed to Maurer from his represented interest in Wrecks.[4] Further, factual determinations in the Boone County case would bear on an issue central to the Hamilton County case: whether there was a misrepresentation. Because the actions were substantially the same, dismissal was proper under Trial Rule 12(B)(8). Moreover, even after the Hamilton Circuit Court dismissed Wrecks as a party, dismissal remained proper because the outcome of the Boone County case would affect the

---

anything done or omitted by the trial court . . . is ground for granting relief or reversal on appeal where its probable impact . . . is sufficiently minor so as not to affect the substantial rights of the parties.").

[4] Martin characterizes the scope of the Boone County action as potentially encompassing "improper actions" on the part of Wrecks: "If it is shown by the evidence that Wrecks also knew of the provisions of the Property Settlement Agreement, and endeavored to circumvent that agreement by compensating [Maurer] in other manners, Wrecks would have liability for those improper actions." Br. of Appellant at 19-20. Martin asserts that she "is attempting to establish" that wrongdoing, Reply Br. at 7, and that she "is entitled to have that claim heard," Br. of Appellant at 20. Yet, Martin did not allege tortious conduct in her Complaint for Declaratory Judgment. Rather, Martin sought a declaratory judgment regarding an interest in Wrecks.

adjudication of the other case—and potentially lead to incompatible results. *See Kentner*, 852 N.E.2d at 570. That is, one court could determine that Maurer lacked any interest in Wrecks while the other court could determine that Maurer possessed the represented interest.

[14] Martin argues Wrecks invited any procedural irregularity in its arguments to the Hamilton Circuit Court when seeking bifurcation. Thus, according to Martin, Wrecks cannot avail itself of a Rule 12(B)(8) defense. Yet, Trial Rule 12(B)(8) implements principles underlying a sound judiciary, including "comity between and among the courts of this state . . . and judicial efficiency." *Thacker v. Bartlett*, 785 N.E.2d 621, 625 (Ind. Ct. App. 2003). In light of these principles, even if Wrecks had invited a separate proceeding, we conclude that the Boone Circuit Court did not commit err in granting the timely Rule 12(B)(8) motion.[5]

[15] Affirmed.

Riley, J., and Pyle, J., concur.

---

[5] Having reached this conclusion, we need not address arguments concerning other grounds for dismissal.